## Nesbitt v. Bartlett et al.

1. LANDLORD'S LIEN. When it was not shown that stock owned and used by the tenant upon agricultural lands was purchased by a third party of the tenant upon the demised premises, and it did appear that the purchaser acquired his title in good faith and for a valuable consideration, it was held that the title passed free of the landlord's lien. (Following *Grant* v. *Whitwell, Marsh & Talbott,* 9 Iowa, 152.)

*Appeal from Scott District Court.*

TUESDAY, APRIL 7.

REPLEVIN for a cow.    Spinsly leased of Eads a farm, the term commencing in March, 1861, and continuing one year.    The rent was payable quarterly in money.    In May or June, 1861, the tenant sold to the plaintiff the cow in

controversy, who purchased in good faith and paid a valuable consideration. Plaintiff had no notice of the lease or of the landlord's lien, but knew that Spinsly was living upon the place, and that the cow had been used thereon for two or three months before his purchase. In March, 1862, the landlord sued out his attachment and levied upon this cow, claiming a lien for his rent. Plaintiff replevied, had judgment in his favor, and defendants appeal.

*Talmadge and Campbell & Bills* for the appellants.

*George E. Hubbell* for the appellee.

WRIGHT, J.—As it does not appear that the tenant was in arrear for rent at the time he sold the property to the plaintiff, the writer of this opinion, adhering to the view expressed in *Grant* v. *Whitwell, Marsh & Talbott,* 9 Iowa, 152, would, upon this ground, affirm the judgment of the court below; but without committing the other members of the court to this position, I am instructed to affirm the judgment upon the ground that the landlord had no right to effect, or carry out, or enforce his lien upon *this* property after its purchase by the plaintiff, under the circumstances stated.

It does not appear that the property was purchased upon the demised premises. It is not pretended that it was removed therefrom by fraud, nor that there was any fraudulent purpose in making the sale or purchase. Indeed, all fraud is expressly rebutted in the admission (contained in the agreed statement of facts), that plaintiff purchased *bona fide,* and for a valuable consideration. Under these facts, it seemed to us that common reason would dictate that the purchaser took the property, freed from the supposed lien. As is suggested in *Grant* v. *Whitwell, Marsh & Talbott, supra,* the lien of the statute must be given such flexibility as shall fit it for the purpose designed. And hence the

reasoning there used, and the discrimination made between property used upon demised premises for trade or for sale, and the furniture of the householder used in the dwelling house. "The landlord's lien," says WOODWARD, J., "is upon the stock in *mass*, and not in *detail*, and he applies his lien to such part of this as he finds on the premises, and, perhaps, to what may be moved by fraud." In case of farms or agricultural lands, the stock of the tenant, such as cows, horses and hogs, are not there to sell to the same extent as goods in a store room, and yet the landlord knows that they are legitimate and very common subjects of traffic and trade; that the tenant may have a large stock to-day and none to-morrow. Indeed, instances may be readily imagined, and even actually exist, where such a tenant buys and sells more in quantity and value than the merchant, it all being *used* on the rented premises, within the meaning of the statute. As to all such property, if the landlord suffers it to be sold, and it is sold *bona fide*, the purchaser is not to be affected by a lien afterwards established.

Affirmed.