STEPHEN W. MILES

*v.*

THOMAS JAMES *et al.*

1. LANDLORD — *lien on crops.* The eighth section of the chapter entitled "Landlord and Tenant" gives the landlord a lien on the crops "growing and grown, for the rent that shall accrue for such year."

2. SAME. The landlord under this section has a lien upon wheat "growing and grown" during two years for the rent which accrued in both years whilst it was growing and maturing.

3. LEVY AND SALE — *crops growing — landlord's lien.* A levy and sale, under an execution from a justice of the peace, of the wheat thus grown, will not divest the landlord of his lien.

WRIT OF ERROR to the Circuit Court of Monroe county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an agreed case, submitted to the court below for decision on agreement of the facts of the case, as follows:

Peter Warren leased, for the years 1862 and 1863, certain premises of Miles, at an annual rent of one third of the crop, and in the fall of 1862 sowed twenty-five acres of wheat which was growing on the premises subject to any lien the landlord might have for rent.

Lewis James obtained judgment against Peter Warren before Eccles, a justice of the peace, and on the 23rd of March, 1863, execution was issued, and on the first of April, 1863, this execution was levied on said wheat, then growing upon said premises, and said wheat was sold on said execution on the 25th day of July, 1863, to Lewis James, for $38.50, and by him sold to the appellees, and delivered.

Peter Warren failed to pay Miles the rent for 1862, and after the sale on *fi. fa.*, the landlord, Miles, in August or September, 1863, took the wheat by distress for rent, and sold it. The value of the wheat sold under distress was only $1.20 over the amount due for rent of both years, 1862–3, but excluding the rent of 1862 it left a balance over what was necessary to pay the rent of 1863, of $220.06. The rent due appellant for 1862 was $215.

The appellees claim that the wheat was not subject to distress for the rent of 1862, while plaintiff in error insists that it was liable to be distrained for the rent of that year. And it was agreed that if the court should be of opinion that plaintiff in error had no right, as against defendants in error, to distrain for the year 1862, judgment was to be entered for defendants in error for the sum of $215, the rent of 1862; but if he had such right, then judgment was to be entered against Miles for $1.20, and costs.

On a trial by the court without a jury, judgment was rendered in favor of defendants in error, and the cause is brought to this court to reverse that judgment. Plaintiff in error assigns the following errors:

1. In rendering judgment for defendants in error for $215.

2. In rendering judgment for defendants in error for more than $1.20 and costs.

3. The judgment is against the law.

4. The judgment is against the evidence.

Mr. H. K. S. O'MELVENY, for the Plaintiff in Error.

Mr. W. H. UNDERWOOD, for the Defendants in Error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

We are called upon in this case to give a construction to the 8th section of the chapter entitled "Landlord and Tenant." That section declares that "Every landlord shall have a lien upon the crops, growing or grown upon the demised premises in any year, for the rent that shall accrue for such year." The record shows that the wheat in controversy was sowed in the autumn of 1862, and matured and was harvested in the summer of 1863. It manifestly was growing in each year, and at the same time the rent of each year was accruing. The growth of each year was absolutely essential to its maturity, and having grown partly in each year of the lease, it by the letter of the statute became liable to pay the landlord's rents for each year. We see nothing in the language of the statute to indicate that a different intention induced the enactment of the provision. The design was to give the landlord a lien upon all crops growing or grown during the year that the rent accrued, and there seems to be no escape from the conclusion, that as this wheat was growing in both years, the rent of each year became a lien upon it, which the landlord may enforce.

The levy and sale under the execution from the justice of the peace was subject to the landlord's lien upon the grain, for the rent due for both years in which it was grown. This sale, therefore, in nowise affected the lien, and the purchaser only acquired the right to retain the overplus after satisfying the rent. And the landlord could still, notwithstanding the sale on the execution, proceed by distress to enforce his lien against the grain. The court, therefore, erred in not protecting the landlord in his lien for the year 1862 as well as for the year 1863, and also in rendering judgment against appellant for the value of the grain distrained for the rent of the former year.

The judgment of the court below is therefore reversed and the cause remanded.

*Judgment reversed.*