JOSHUA THOMPSON

*v.*

J. POOL MEAD *et al.*

67    395
23a   146
23a   147
67    395
130   333
67    395
32a   106
67    395
136   577
67    395
42a   521
67        395
108a   ¹503

1. LANDLORD'S LIEN—*nature of lien and how lost.* The statute gives a landlord a lien upon the crops growing or grown upon the demised premises, in any year, for rent that shall accrue for that year. This lien is not confined to any particular crop, but embraces all the crops, or any portion of them, no matter upon what particular part of the premises they were raised. It is created by the law, and does not grow out of the levy of a distress warrant, and is paramount to the lien of an attachment, and can be lost only by waiver or failing to enforce it at the proper time.

2. SAME—*lien extends to crops on each part for whole rent.* Where a landlord demised his farm, consisting of a house, and land in two townships, separated by a public road, the house at a monthly cash rent, and the farm lands for part of the crop, the contract being entire, and where an attachment was levied upon the tenant's crop after the rent for the land, upon which it was grown, had been paid, it was *held*, that the landlord had a lien on the crop for the rent due him for the house, and premises not cultivated, which was prior to that of the attaching creditor, and that the precedence of the landlord's lien did not depend upon the levy of a distress warrant, or any other proceeding by him.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action of trespass, originally brought by Joshua Thompson, against J. Pool Mead, George W. Mead and George W. Richardson, before a justice of the peace of Madison county. On the trial before the justice the defendants were found guilty, and the plaintiff's damages assessed at $69 and costs of suit. The defendants appealed to the circuit court, where a trial was had, resulting in a verdict and judgment for the defendants, from which the plaintiff prosecuted this appeal.

The facts of the case, as shown by the evidence, were substantially as follows: The plaintiff rented land to one Lydia

Kile for one year from March 1, 1870. The rent was one-third of the crop raised, payable when the same should mature. A house on the same land was rented at the same time for $4 per month, payable in money. In September, 1870, before the corn crop matured, the tenant abandoned the premises and left the State, being indebted to the plaintiff at the time in the sum of $62 for rent of the house and pasture rent, and a portion of the premises not planted in corn. Three days after the tenant left, the plaintiff levied a distress warrant upon her two-thirds of the corn crop to collect the rent due, but two days before this other parties, Wise and Lancaster, and F. M. Pearce, sued out writs of attachment against the tenant and levied the same upon her two-thirds of the corn, which was sold under the judgment in the attachment proceedings, and purchased by J. Pool Mead, who sold the same to McMichael, who gathered and used the same. The defendant Richardson, as constable, levied the writs of attachment, and afterwards sold the corn to Mead. The suit was brought to recover the amount of rent claimed to be due the plaintiff.

Messrs. IRWIN & KROME, for the appellant.

Mr. DAVID GILLESPIE, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The demised premises were one and indivisible. The house and land were rented at the same time—the rent for the first named to be paid in money ; of the other, in kind—and was rented to one and the same party. The farm, a portion of which was demised, was in one body ; a part in one township, and part in another, a public road running on the county line. The road did not make the premises two farms. Section 8 of the act respecting landlords and tenants, ch. 60, R. S. 1845, provides that every landlord shall have a lien upon the crops growing or grown upon the demised premises, in any

year, for rent that shall accrue for such year. The lien is not confined to any particular crop, but embraces all the crops, or any portion of them, no matter upon what particular part of the premises they were raised. This lien the law gives him; it does not grow out of the levy of a distress warrant. It is a paramount lien, of which every person must take notice, and can be lost only by waiver, or failing to enforce it at the proper time.

The court, after instructing the jury on behalf of the plaintiff, in conformity to section 8 of the statute, and that such lien took precedence of the lien of an execution or attachment creditor of the tenant, unless the lien was waived by the act of the landlord, and that the landlord might distrain upon any one or more of the crops, growing or grown, upon the demised premises, or on any part of any crop, for the rent of the whole premises—instructed the jury, for the defendants, that, if they believed, from the evidence, the rent was paid on the tract of land on which the corn in question was grown, for the year, then, as against creditors who attached that corn after the rent was paid, and before levied upon by the landlord for other rents, the plaintiff could have no lien upon the corn for rent of other premises as against them, and they must find for the defendants.

This, after the charge in favor of the plaintiff, could not have failed to confuse and mislead, and was incorrect in itself. The proof was, the premises were an entirety—a part of one farm—and though the rent of the house was payable in money, the law gave to the landlord a lien on the corn, or other crop, growing on the same premises. Equally incorrect, and calculated to mislead, was the instruction given by the court on its own motion. In this, the court told the jury that, although a landlord might distrain for any rent due for any premises upon crops grown upon any other premises, or any other property of the tenant, yet he has no lien upon crops grown upon certain premises except for rent due for said particular premises; and, unless the landlord has a lien

upon a crop, he stands in no better condition than any attachment or execution creditor, and, as between him and such creditor, priority of levy gives precedence.

This is so different from the first instruction given for the plaintiff, that it seems irreconcilable with it, and must have misled the jury, and was not proper, in itself, on the facts of this case. Each and every part of the premises demised was subject to the lien for the rent of any one part, and the preference of the landlord does not depend on the levy of a distress warrant, or any proceeding. The law creates the lien, and from its very nature, and under the statute, must have precedence unless it has been waived, or the landlord been guilty of *laches*, neither of which was, or could be, set up in this case.

There was but one contract, but one demise, and of one premises. The lien of the landlord covered each and every part of the crops growing upon it.

For the reasons given, the judgment must be reversed, and the cause remanded for further proceedings in conformity to this opinion.

*Judgment reversed.*