# J. POOL MEAD

*v.*

# JOSHUA THOMPSON.

1. LANDLORD'S LIEN—*not dependent upon a distress.* A landlord's lien upon crops growing or grown upon the demised premises in any year, for rent that shall accrue for such year, does not depend upon the levy of a distress warrant, but is given by the statute, so that an attaching creditor can not, by bringing an attachment before the issuing of the distress warrant, gain any precedence.

2. TROVER AND TRESPASS—*what act will make a party liable for a conversion.* It is not necessary, to render one liable in trespass or trover, that there should be an appropriation of the thing to the party's own use or beneficial enjoyment. The disposing, or assuming to dispose, of another man's goods, without his authority, is a conversion of them.

3. SAME—*liability of bidder who transfers his bid.* Where a creditor of a tenant attached the crops of the latter, upon which the landlord had a lien for rent, and, after the levy of a distress warrant, purchased the same at the sale under his attachment, and transferred his bid to a third person, who took and disposed of the crops: *Held,* that the creditor, by bidding off the property and transferring his bid, assumed such control over the property as amounted to a conversion, and rendered him equally liable with his assignee to the landlord for the amount of his lien for rent.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. GILLESPIE & HAPPY, for the appellant.

Messrs. IRWIN & KROME, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

One Lydia Kyle, in 1870, was a tenant on the place of appellee, Joshua Thompson, and had put in that year a crop of some 16 acres of corn on the premises. On the night of the 9th of September, 1870, Mrs. Kyle abandoned the premises and left the State, being indebted to Thompson for rent of the premises, about $69. On the 12th of September, 1870, Thompson issued his distress warrant for the rent, which was levied on the crop of corn left on the premises.

The distress warrant was returned to a justice of the peace September 12th, 1870, as having been levied upon the crop of corn, and that the tenant was not found. Nothing further was done thereunder until November 19, 1870, when Thompson appeared before the justice of the peace and made oath that the tenant had abandoned the premises and left the State, whereupon the proper notices were issued and posted, and the case continued ten days. On the 28th of November, 1870, judgment was entered against the tenant by default, for $69, and an order of sale of the property.

On the 10th of September, 1870, an attachment, at the suit of one George W. Mead, against the absconded tenant, was issued by a justice of the peace, and levied upon two-thirds of the corn, leaving one-third for the landlord as rent. Judgment was obtained in the attachment suit, and, on the 10th of October, 1870, the corn so levied on was sold at public sale under execution upon the judgment, by George W. Richardson, as constable, and purchased by J. P. Mead, the appellant.

This suit therefor was brought by Thompson against Richardson and Mead, and a judgment recovered against them for $69, from which Mead brings this appeal.

There are but two points raised by appellant. The first one is, that the landlord's lien here for rent has been waived or lost, as against the attaching creditor, by *laches.*

The landlord's lien, in such case as this, is not dependent upon the levy of a distress warrant, but is given by the statute, the statutory provision being express that, "every landlord shall have a lien upon the crops growing or grown upon the demised premises in any year, for rent that shall accrue for such year," so that there was no precedence gained here by the levy of the creditor's writ of attachment before the levy of the landlord's distress warrant.

The plaintiff testified that he supposed the rent was due when the corn was ripe; that it was not ripe on the 9th of September, 1870. The statute provides that, when a tenant

abandons or removes from the premises, the landlord may seize upon any grain or other crops grown or growing upon the premises, whether the rent is due or not. But this same case has previously been before this court, (*Thompson* v. *Mead et al.* 67 Ill. 395,) and in the decision then made, this point, which is now urged, was sufficiently disposed of adversely to appellant, and we need but refer to that case.

It was there said : "The law creates the lien, and from its very nature, and under the statute, it must have precedence unless it has been waived, or the landlord has been guilty of *laches*—neither of which was or could be set up in this case."

The other point made is, that, as Mead merely bid off the property at the constable's sale, and then turned over his purchase to one McMichael, who paid for the property and took and disposed of it, and there was no further intermeddling whatever with the property by Mead himself, than as above named, there is no liability to a suit on the part of Mead.

It is not necessary, to render one liable in trespass or trover, that there should be an appropriation of the thing to the party's own use or beneficial enjoyment.

The disposing or assuming to dispose of another man's goods, without his authority, is a conversion of them. Mead, by bidding off the property at the attachment sale, and transferring his bid to McMichael, assumed such control over the property as amounted to a conversion. It was an act of co-operation on the part of Mead, in the taking and conversion of the property by McMichael, which would render him equally liable with the latter. See *Everett* v. *Coffin*, 6 Wend. 603; *Hamilton* v. *Hunt*, 14 Ill. 472; 2 Hill. on Torts, 309, sec. 9.

The judgment will be affirmed.

*Judgment affirmed.*