SAMUEL WETSEL

*v.*

WILLIAM C. MAYERS *et al.*

1. LANDLORD'S LIEN—*not dependent upon levy of distress.* The lien given a landlord upon the crops grown or growing upon the demised premises, by the statute, does not grow out of the levy of a distress warrant, but is a paramount lien, of which every person must take notice, and can only be lost by waiver, or failing to enforce it within the proper time. The abandonment of proceedings by distress is not a waiver of the lien.

2. A landlord having a lien upon the crops grown upon the demised premises prior to that of an execution, is entitled to the possession of the crops to enforce the same, and if the property is taken on the execution, may maintain replevin against the officer seizing the same, without regard to any proceedings by distress.

APPEAL from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

This was replevin, by appellees against appellant, for 100 acres of corn. The declaration contains two counts. The first is for taking and detaining, and the second for detaining. The pleas were, *non cepit, non detinet,* property in John W. Saulsman, and special plea "that Durfee & Bro. caused two executions to be issued from a justice of the peace on the 27th day of November, 1876, the first against John W. Saulsman and William H. Saulsman for $132.39 damages, and $1.85 costs on judgment, in favor of Durfee & Bro. against John W. Saulsman and William H. Saulsman, with interest from Sep-

tember 30, 1876, returnable in seventy days; second, execution against John W. Saulsman for $150.51 damages, and interest from October 2, 1876, and $1.85 costs on judgment, in favor of Durfee & Bro., returnable seventy days from November 27, 1876; that said writs came to defendant's hands upon the 27th day of November, 1876, at two o'clock P. M; that he was then, and from thence hitherto has continued to be, constable of Macon county; that by virtue of these writs the defendant, as constable, levied on the property in the declaration described, on the 9th day of January, 1877, the writs being then unsatisfied and in full force; that this taking and detention are the same as complained of in the declaration, and said property was the property of John W. Saulsman and subject to execution."

There were replications to the 3d and 4th pleas traversing property in John W. Saulsman, and a joint replication to both pleas averring "that plaintiffs, on the first day of March, A. D. 1876, leased to John W. Saulsman and Jesse F. Saulsman, for one year, the west half of section three, town fourteen, range three east of 3d P. M., in Macon county, for $925, due October 10, 1876; that J. W. and J. F. Saulsman farmed the same during 1876, raising a crop of corn, part of which is the corn in the declaration mentioned; that plaintiffs, by virtue of the statute, had a lien upon said corn for the sum of $925; that the tenants failed to pay the rent at the time agreed upon, and that on October 16, 1876, plaintiffs executed their distress warrant as landlords and delivered the same to a bailiff to execute; that said bailiff, on the 17th day of November, 1876, distrained all corn standing in the field on the leased premises to make said rent; that afterwards plaintiffs caused a copy of said warrant, with an inventory of property levied upon, to be filed with the circuit clerk of said county, and a summons to be issued in said proceeding against the tenants, returnable to the December term, 1876, of the circuit court, which summons was duly served and returned; that before the amount of rent due had been ascertained and certified by said court, on the 27th day of December, 1876, plaintiffs and said

tenants settled said distress proceeding, the tenants selling and transferring to plaintiffs the corn in the declaration described, on which plaintiffs' lien as landlords was then in full force, in payment of $625, parcel of said $925 due as rent, and plaintiffs accepted said corn as payment of that sum; that said corn so sold and accepted was then standing in the field, and was not worth more than $200; that, on said 27th day of December, they accepted as payment of the difference between $650 and $925, the promissory note of Jesse F. Saulsman, and released to said tenants all claim as landlords upon the corn raised on said premises; that the corn raised by said tenants on said premises, other than corn in the declaration described, was not worth $200; that after said acceptance of said corn, and on the 9th day of January, A. D. 1877, defendant levied executions in the fourth plea mentioned, on said corn, as the property of John W. Saulsman."

There was a general demurrer to this replication, which the court overruled,—and, appellant refusing to further rejoin, judgment was given for appellees.

The errors assigned question this ruling of the court.

Mr. W. C. JOHNS, for the appellant. .

Messrs. CREA & EWING, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Whether appellant would have been entitled to the possession of the corn, had he, before the levy of the execution or the commencement of this suit, tendered appellees the amount of rent due, is a question not before us. Nor is it now material to inquire whether, in any case, the tenant can, by contract alone with the landlord, invest him with an absolute title to the property upon which he has a lien for rent, as against the claims of judgment creditors of the tenant.

The statute (Rev. Stat. 1874, p. 661, § 31,) provides, that " every landlord shall have a lien upon the crops grown or

growing upon the demised premises for the rent thereof, whether the same is payable wholly or in part in money or specific articles of property or products of the premises, or labor, and also for the faithful performance of the terms of the lease. Such lien shall continue for the period of six months after the expiration of the term for which the premises were demised."

We have held that this lien does not grow out of the levy of a distress warrant—that it is a paramount lien, of which every person must take notice, and which can be lost only by waiver or failing to enforce it at the proper time. *Thompson* v. *Mead et al.* 67 Ill.395; *Prettyman* v. *Unland et al.* 77 id. 206.

We are aware of no principle upon which it can be asserted that the abandonment of the proceedings by distress can be held to be a waiver of the lien, it not being dependent, in any degree, upon those proceedings for vitality. Suppose it be conceded the parties could not, by their mutual agreement, vest the landlord with the absolute title to the corn, to the exclusion of the claim of appellant—what follows? Simply that that agreement was nugatory, and the rights of the parties are to be determined as if it had not been made.

Then the appellees have a prior lien upon the property to secure them in the rent due them, and they are entitled to its possession to enforce their lien.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*