## CHARLES W. HUNTER *et al.*

### *v.*

## CHARLES T. WHITFIELD.

89 229
23a 147

89 229
130 333

89 229
32a 101

89 229
136 577

89 229
56a 648

89 229
68a 69

1. LANDLORD'S LIEN—*distress warrant not essential to lien.* The levy of a distress warrant is not essential to the right of possession in a landlord of the property upon which the statute gives him a lien for rent, and such warrant is not the exclusive remedy for the assertion and protection of the lien.

2. Where a landlord took possession of a crib of corn belonging to his tenant, for the rent of his premises for that year, it was *held*, that he had the right to the same as against a purchaser from the tenant, to the extent of the rent due him.

3. SAME—*notice of lien.* Where a person purchasing corn of a tenant knows that such tenant had been living on the farm of another where the corn is cribbed, during the year the same was grown, and that the owner of the land was living on the same at the time of the sale and delivery of the grain to him by the tenant, this will be sufficient to charge such purchaser with notice, if notice were necessary, of the lien of the owner of the land as landlord.

4. MARSHALING ASSETS—*applied only in equity.* The rule that where one party has two funds to resort to for payment of his demand, he must resort to that upon which another person has no claim, is enforced only in equity, and has no application in a proceeding at law.

5. PLEADING AND EVIDENCE—*as to title.* In a suit upon a replevin bond given in a suit in which a return of the property replevied was ordered, the defendants pleaded property, and that the merits of the suit had not been tried, to which the plaintiff replied property in another as landlord, who only had a lien upon the property for rent, and it was *held*, that, as the recovery was only for the amount of the rent due, there was no force in the objection that the landlord was not the owner but only entitled to a lien on the property.

APPEAL from the Circuit Court of Jersey county; the Hon. CYRUS EPLER, Judge, presiding.

This was an action of debt, upon a replevin bond given by appellants, Hunter and Hauskins, as principal and surety, to appellee, Whitfield, as constable. The bond was given in a suit of replevin for some corn, brought before a justice of the peace, by Hunter against Vaughn.

On appeal from the judgment of the justice of the peace, the circuit court awarded a return of the corn replevied to

Vaughn, and for breach of the condition of the replevin bond in failure on the part of Hunter to return the corn, this action on the bond was brought, and on trial by the court without a jury, judgment was rendered in favor of plaintiff, his damages being assessed at $93.75, from which judgment this appeal was taken by the defendants. Besides the plea of the general issue, there was a plea alleging that there was no trial on the merits in the replevin suit, and setting up title to the property replevied in the defendant Hunter.

The replication to the latter plea traversed the same and set up title to the property in Vaughn, upon which issue was joined. The claim of Vaughn to the corn was that of a landlord's lien for rent. The evidence shows Vaughn rented his farm to one Moore for the year ending March 1, 1876, the latter to pay one-third of the grain and hay raised on the farm and $200 in money as rent for the farm. Moore paid the grain and hay rent, and $100 of the money rent due, leaving $100 still due at the expiration of the lease. Moore moved off and Vaughn moved on the farm about the last of February, 1876. The corn grown on the place in the year 1875 was cribbed on the farm. Some time in the month of January, 1876, Hunter made a contract to purchase of Moore 2400 or 2500 bushels of the corn in the crib, and, at that time, paid him $500 on the contract, and on the last day of February or the first day of March following, Moore and Hunter went to the place where the corn was in the crib, and Moore delivered to Hunter the corn there and Hunter paid Moore the balance of the purchase price. The corn was measured at 2400 bushels, and Hunter paid at the rate of 25 cents per bushel for it. About ten days or two weeks afterward Hunter sent his men and teams to shell the corn and haul it to the railroad for shipment. When they came to where the cribs were, they found the gates that gave access to the corn on one side of the road were locked by Vaughn. The men not being able to get in to shell the corn, sent for Hunter, who came and saw Vaughn, and after talking the matter over, Vaughn consented to let Hunter take all

the corn, except one crib; that he would hold that. Hunter lived some 7 or 8 miles from where the corn was cribbed, and knew that Moore was living on Vaughn's farm the year the corn was grown, and that Vaughn was living on the farm where the corn was cribbed, at the time Moore delivered him the corn in the cribs.

Vaughn never levied a distress warrant upon the corn, nor took any other step to assert his rights thereto, except locking his gates and refusing admission to Hunter to take away the corn. This was substantially the evidence in the case.

Messrs. SNEDECKER & HAMILTON, for the appellants.

Mr. WM. M. JACKSON, and Messrs. WARNER & PAYNE, for the appellee.

Mr. JUSTICE SHELDON. delivered the opinion of the Court:

The statute gives the landlord a lien upon the crops grown or growing upon the demised premises, for the rent thereof, to continue for six months after the expiration of the term of the demise. Appellants contend that though this be so, still it is a mere lien, and does not give the landlord the right to the possession of the crops, unless he obtains such possession by the levy of a distress warrant, as provided for by the statute. The statute recognizes the right of distress for rent, and regulates that remedy.

There is nothing in the statute which indicates that the levy of a distress warrant is essential to a right of possession of the property upon which the lien exists, or that that is the exclusive remedy for the assertion or protection of the landlord's lien. In *Miles* v. *James*, 36 Ill. 399, property subject to such a lien had been levied upon, and sold under an execution against the tenant. Thereafter the landlord took the property by distress for the rent and sold it. It was held that the levy and sale under the execution were subject to the landlord's lien upon the grain; that such sale under the execution in nowise affected the lien, and the purchaser only acquired the right to

retain the overplus after satisfying the rent; and that the landlord could still, notwithstanding the sale on the execution, proceed, by distress, to enforce his lien against the grain. This case recognizes that there was no previous levy of a distress warrant upon the property necessary in order to protect it from sale under execution; and, although there the subsequent proceeding for the enforcement of the lien was by distress, there is no intimation that such was the exclusive remedy. In *Thompson* v. *Mead,* 67 Ill. 395, where, in the case of a like lien, there had been a levy of a writ of attachment, against the tenant, upon the crop, and a sale thereof under the judgment in the attachment proceeding, in an action of trespass subsequently brought by the landlord against the purchaser and the officer selling, it was said: "This lien the law gives him (the landlord); it does not grow out of the levy of a distress warrant. It is a paramount lien, of which every person must take notice, and can be lost only by waiver or failing to enforce it at the proper time." And it was held that the lien of the landlord was prior to that of the attaching creditor.

This corn here was in the possession of Vaughn, the landlord, within his reach to enforce his lien.

The bringing of the suit of replevin by Hunter against Vaughn to get the possession admits such possession in Vaughn. Hunter has failed to return the property as ordered by the court—appropriates it to his own use. May be it has been disposed of and placed beyond the reach of any remedy *in rem;* at any rate, it is not placed back in the possession of the landlord where he may enforce his lien, and he is not required to go in quest of and search it out in order to the realization of any benefit from his lien.

The property being charged with this lien, and Hunter having appropriated to himself the property, he should answer here to the amount of the lien, the value of the corn exceeding such amount.

If it were necessary that Hunter should have had notice of the lien in order to subject his purchase to its operation—as to

which we express no opinion—we think, under the facts here, he was chargeable with such notice. See *Watt* v. *Scofield*, 76 Ill. 261.

As Hunter testified that Vaughn told him there was hay and corn enough in his barn belonging to Moore to pay the $100 rent that Moore owed him, it is urged that this should preclude a recovery for the use of Vaughn, upon the principle that where there are two funds, and one party may resort to either of the funds for the satisfaction of his claim, but the other party can only resort to one, the court will compel him having the right to look to both funds to resort to that upon which the other has no claim. This is a doctrine of equity, which courts of equity enforce, but it has no application in a proceeding at law.

It is objected that the replication set up title to the corn in Vaughn—that the issue was upon title to the corn in him— and that the evidence did not maintain the issue in favor of Vaughn, it showing that he did not own the corn, and only claimed a landlord's lien upon it for a certain amount. The recovery was only for the amount of the lien. Had it been for a larger amount than that, and to the full value of the property, there might have been force in the objection; as it is, the objection is not substantial.

The judgment will be affirmed.

*Judgment affirmed.*