PETER HOWE

v.

W. J. CLARK.

*Landlord and Tenant—Lien of Landlord for Rent—Bona* Fide *Purchaser, without Notice.*

The landlord's statutory lien upon crops grown on the demised premises does not follow such crops into the hands of a *bona fide* purchaser without notice.

[Opinion filed May 27, 1887.]

APPEAL from the Circuit Court of Livingston County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. McILDUFF & TORRENCE, for appellant.

Mr. ALEX. CLARK, for appellee.

WELCH, J.   This was a suit brought by the appellant against the appellee to recover the sum of $117.50 for rent of certain premises, leased by the appellant to one George Hutson for the years commencing March 1, 1885, and ending March 1, 1886, said Hutson having removed the crops during the time and sold the same to appellee, there remaining due at the time of the removal and sale the said sum of $117.50 rent for the said premises.   Trial, verdict and judgment for the appellee, from which this appeal is taken.   The principal error on which counsel for appellant relies for reversal, is the holding of the court, that before the appellant could recover, it was necessary for him to prove that the appellee had actual notice, or a knowledge of such facts as to put him on inquiry of the said lien for rent.   The lien as given by our statute, "Every landlord shall have a lien upon the crops grown or growing upon the demised premises for the rent thereof, whether the same is payable wholly or in part in money, or

specified articles of property or products of the premises or labor; and also for the faithful performance of the terms of the lease. Such lien shall continue for the period of six months after the expiration of the term for which the premises were demised." The facts as shown by the evidence are that the corn was raised on the premises leased by the appellant to Hutson; that Hutson in the fall of 1885 abandoned the premises after removing all the grain therefrom. That there was due to the appellant from Hutson for the rent of said premises $117.50; that appellee bought and received from Hutson enough corn raised on said premises during the year 1885, to pay all the rent due to the appellant for that year; that all of the corn purchased and received by the appellee from Hutson, had been sold and converted into money. A lien having been given to the landlord by statute, it is important to determine its character, scope and effect. The adjudications involving this section of the statute are found in the following cases: Miles v. James, 36 Ill. 399, where it was held that winter wheat grown by a tenant, is subject to the landlord's lien for the rent of the year in which it is sown, as well as the year in which it is harvested. And that a levy upon and sale of such wheat on execution against the tenant, does not divest the landland of his lien. The case is silent as to the question of notice. Thompson v. Mead, 67 Ill. 395, where it was held that the lien of the landlord was prior to execution and attachment liens. The question as to *bona fide* purchases without notice is not referred to or determined. In Watt v. Scofield, 76 Ill. 361, " the main question presented is, whether the landlord can enforce his statutory lien upon crops against a purchase from the tenant, who had notice that his vendor was such tenant and that the crops purchased were grown in that year on the demised premises." It was held in that case that the purchaser had notice, and that it was unnecessary to decide how it would be with a *bona fide* purchase without notice; thus showing that up to that time that question had not been decided. In Prettyman v. Unland, 77 Ill. 206, the following instruction had been given for the plaintiff: " The court instructs the jury, that if they believe from the

evidence, that the defendants purchased the grain raised on land rented by Hartley from Prettyman, with notice of the lien of plaintiff thereon as landlord of said Hartley, then the jury should find for plaintiff, the lien extending to the crop grown that year." The plaintiff asked and the court refused to give an instruction as to what constituted notice. The court held this instruction should have been given. If no notice was necessary, why the necessity of giving an instruction defining what would amount to notice? Why not have said, he bought subject to the lien, notice or no notice? In Hunter v. Whitefield, 89 Ill. 229, it is said: "If it were necessary that Hunter should have notice of the lien in order to subject his purchase to its operation—as to which we express no opinion—we think under the facts here he was chargeable with such notice." The cases of Stevens v. Miles and Thompson v. Mead and of Watt v. Scofield, *supra*, are approved. Wetsel v. Meyers, 91 Ill. 497, announces the same rule announced in Thompson v. Mead, *supra*.

These are the only decisions where this provision of the statute has been passed upon by our Supreme Court. And although the question as to whether it was necessary that a *bona fide* purchaser should have had notice of the landlord's lien in order to subject his purchase to its operation, has never been directly decided ; yet, after a careful review of the foregoing authorities, we are satisfied that the only legitimate conclusion to be drawn from this reasoning would be "that notice was necessary of the lien in order to subject his purchase to its operation."

It is, however, insisted by counsel for appellant, that the lien given to the landlord is similar to the lien given to the mechanic, the lien of an executor, and the lien of a chattel mortgage. We fail to see the analogy between them. In the case of the chattel mortgage and of an execution, the purchaser is charged with constructive notice. In the case of the purchase of real estate the purchaser would examine the title, see the property, and if there were evidences of recent improvements, it would be his duty to satisfy himself that they were paid for. He would thus have notice. If he failed to examine

the title, he would be chargeable with notice of its condition, and for the same reason if he neglected to examine the premises, he would be chargeable with notice in regard thereto. We have been referred to adjudications of other States having lien laws similar to our landlord's lien. Mathews v. Burke, 32 Texas, 419, and Kennard v. Haney, 80 Ind. 37, sustain the views insisted on by counsel for appellant. Nesbitt v. Bartlett, 14 Iowa, 485; Westmoreland v. Wooten, 51 Miss. 825; Scaife & Co. v. Stovell, 67 Ala. 237; Fowler v. Raply, 15 Wall. 14; Webb v. Sharp, 13 Wall. 330; Beall v. White, 94 U. S. 382, sustain the view that notice is necessary. To give the construction contended for by counsel for the appellant to the statute giving landlords a lien upon the crops grown upon the demised premises, would to a very large extent destroy all commerce in grain. No such construction should be adopted unless imperatively required. We have given to the statute and to the adjudications of our Supreme Court thereon, and the adjudications of other courts upon similar statutes, a careful consideration, and we are of the opinion upon reason and upon authority, that as to a *bona fide* purchaser without notice, the landlord has no lien. There was no error in the instructions. Substantial justice has been done.

The judgment is affirmed.

*Judgment affirmed.*