In the Matter of the Bankruptcy of G. ON CHONG (*Ex Parte* L. AHLO).

APPEAL FROM DECISION OF DOLE, J.

JULY TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

Proceedings in bankruptcy, and the order to the Marshal to take possession of the bankrupt's property, are not an execution, within the meaning of the Act, "To facilitate the recovery of rents."

Held also (overruling *Bankruptcy of Ching On & Co.*, 6 Hawn., 287) that a landlord's claim for rent is not a lien on a bankrupt's estate, and has not priority over ordinary debts.

OPINION OF THE COURT, BY PRESTON, J.

This was an application made to Mr. Justice Dole by L. Ahlo for payment as a preferred claim of the sum of $120, being three months' rent of the store and premises occupied by the bankrupt G. On Chong, and due at the time of his failure, and when his property was taken possession of by the Marshal.

At the hearing before Mr. Justice Dole, the claimant relied upon a decision of the Chief Justice, when First Associate Justice, in the matter of *Ching On & Co.*, where His Honor allowed a similar claim. (See 6 Hawn., 287.)

The Chief Justice in that case followed *In Re Wynne*, 4 N. B. R. Rep., 23, where Chief Justice Chase of the United States Supreme Court, presiding at a Circuit Court, says: "Liens are of various descriptions, and may be enforced in different ways; but we think it sufficient to say here, what seems to us well warranted in principle and authority, that whenever the law gives a creditor a right to have a debt satisfied from the proceeds of property, or before the property can be otherwise disposed of, it gives a lien on such property to secure the payment of this debt."

Mr. Justice Dole refused the order on the ground that no lien existed—(*Hunter vs. Whitfield*, 89 Ill., 229; *Westel vs. Mayers*, 91 Ill., 497)—and also on the ground that under the Bankruptcy Law of this Kingdom (Section 14) the landlord's right of distress came to an end at the time of the failure, inasmuch as the bankrupt's interest in the goods then ceased.

The applicant appealed, and in his argument claimed that Section 2 of the Act to facilitate the recovery of rents (1864) gives the landlord a lien upon the chattels of the tenant, and so his claim becomes a preferred one in bankruptcy.

## BY THE COURT.

The Act "To Facilitate the Recovery of Rents" gives a landlord the right to distrain the goods and chattels of a tenant whose rent is in arrear, and Section 2 of the same Law provides "that no goods or chattels of any tenant or occupier of any lands * * * shall be liable to be taken in execution on any pretence whatever, unless the party at whose suit such execution shall be sued out shall, before the removal of such goods under such execution, pay to such landlord or owner all such arrears of rent as shall be due to him thereanent; provided such arrears of rent do not exceed one year, if such tenancy be by the year; and in case such tenancy be by the week or month, such landlord or owner shall not have any lien or claim on such goods for any arrears of rent accruing during four of such weekly or monthly terms."

This section is for all material purposes identical with the English Statute, 8 Anne, Chapter XIV., Section 1, under which Act it has been held in the English Courts that the execution mentioned means an execution founded on a judgment, and does not include a seizure under bankruptcy proceedings. *Lee vs. Lopes*, 15 East, 231; *Brandling vs. Barrington*, 6 Barn. & Cres., 467.

The statute, unlike the common law, only gives the right of distress upon the goods of the tenant. And Section 14 of the Bankruptcy Act of 1884 enacts, "The bankrupt shall be

divested of all his title in his property from the date of his failure;" and it seems to us that the effect of this is to vest the property of the tenant in the assignee to the exclusion of the landlord's right to levy upon it. (See *Morgan vs. Campbell*, 22 Wall., 382.)

The case *In Re Wynne* was decided under the law of the State of Virginia, which requires the officer taking goods under legal process to pay the rent in arrear. This goes further than our statute, and we may decide the case under consideration without throwing any doubt upon the authority of *In Re Wynne*, which, were the statutes similar, we might follow.

In arriving at the conclusion we have, we confine ourselves to our statutes, and hold that proceedings in bankruptcy, and the order to the Marshal to take possession of the bankrupt's property, are not an execution within the meaning of such statutes, and the Bankruptcy Law having provided for certain preferential claims, of which the landlord's is not one, he is not entitled to the lien or preference claimed, and therefore dismiss the appeal, with costs.

*C. Creighton*, for applicant.

*F. M. Hatch*, for assignees.