Brownell v. Twyman.

---

## Jennie H. Brownell and D. S. Hardin v. Zack Twyman.

1. LANDLORD AND TENANT—*Possession of Property Coupled with Lien.*—If a landlord has possession of hay raised on his land, as well as his statutory lien thereon, he is entitled to hold possession of it, even as against a purchaser for value without notice.

2. SAME—*Notice of Lien to be Shown by Landlord.*—The burden of showing notice of a landlord's lien, to a purchaser, is upon the landlord, and the purchaser is not bound in the first instance to show his good faith.

3. REPLEVIN—*Statements in Affidavit for.*—The mere fact that a plaintiff in his affidavit for replevin, says that the defendant wrongfully detains possession from him, does not operate to unite such possession to a right to a lien and enable the defendant to retain the property against one having a better right.

Replevin.—Appeal from the Circuit Court of Warren County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

GRIER & STEWART, attorneys for appellants.

C. C. SECRIST, attorney for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Appellee brought replevin against appellants before a justice of the peace to recover the possession of eighty bales of hay valued at $28, and recovered a judgment. Appellants appealed to the Circuit Court, where the case was tried by a jury with a like result. They now bring the case to this court and seek a reversal, on the ground that the court below erred in the giving and refusing instructions, and in overruling their motion for a new trial.

The hay in controversy was raised upon the farm of appellant Jennie H. Brownell by one A. S. Kyle, who was her tenant, under an agreement to pay a cash rent of $700 per year. The hay was bailed upon the Brownell farm, but it was then hauled to and stored in the barn of Mrs. Harriet Hardin, the mother of Mrs. Brownell.

Appellants claim that the hay was turned over to Mrs. Brownell by Kyle, to apply on the rent, and was stored in the barn for her use and benefit, and that it was in her possession during all the time it was in the barn. This is denied by appellee, and the principal controversy is upon this point. If Mrs. Brownell had the possession, as well as her landlord's lien, given by the statute, she would undoubtedly be entitled to hold the hay. But the proofs seem to show that Kyle went to appellee's place of business and offered to sell him some baled hay which he claimed to have stored in Mrs. Harriet Hardin's barn. Twyman and Kyle went to the barn, and then Kyle took a key from his pocket, unlocked the barn, and they went in, examined the hay and counted the bales, locked up the barn again and went back to appellee's mill, and there appellee bought the hay, paying Kyle $28 therefor in cash. Kyle was to haul the hay or pay for the hauling. He did neither, and about two weeks afterward appellee went after the hay, but before he had gotten any of it away, appellants came and drove him off the place, claiming the hay as the property of Mrs. Brownell, and refusing to allow appellee to remove it. This appears to be the first time appellee was informed, or had notice,

that Mrs. Brownell made any claim to the property, or that the hay was raised upon her farm. He swears that he knew Kyle had been selling and delivering baled hay to others, and on these points his testimony is undisputed. He appears to have been a purchaser of the hay in good faith and without notice that Mrs. Brownell claimed any interest in the property. Having a key to the barn, Kyle appeared to be in possession, and to have the *indicia* of ownership. On the facts appearing in the evidence we are not disposed to interfere with the finding of the jury. The case has been twice tried, and each time appellee has been the successful party. There is a conflict in the evidence as to whether or not Kyle ever turned over the hay to Mrs. Brownell. He swears that he did not. The jury were the judges of the credibility of the witnesses, and it was their duty to reconcile the conflicting evidence if they could. They have found that Mrs. Brownell was not in the possession of the hay, and if she was not, then, in order to enforce her lien, it would be necessary to resort to a distress warrant for that purpose.

The hay was removed from her premises, apparently with her knowledge and consent, and without proof that appellee had notice of her lien. Kyle, being apparently in possession, appellee would obtain a good title to the property in good faith from Kyle, and Mrs. Brownell must be held to have lost her right to a lien. We think the burden of showing notice of the landlord's lien, to a purchaser, is upon the landlord, and the purchaser is not bound, in the first instance, to show his good faith.

Much stress is laid upon the fact that in his affidavit for a writ of replevin, appellee acknowledges that Mrs. Brownell had the possession of the hay, and the case of Hunter et al. v. Whitfield, 89 Ill. 229, is cited in support of the contention that this is an admission that the possession was in her. An examination of that case shows that it has no similarity to the one now under consideration, and what was said upon this point in that case can have no controlling force in this. There the landlord was clearly in the possession of the prop-

erty in dispute, the tenant having voluntarily abandoned the farm, and the landlord having taken possession of the crops. Here appellee purchased the hay from the tenant, apparently in possession, and was himself actually in possession for the purpose of removing the property when driven off by the appellants. We think the mere fact that in his affidavit he says that appellants wrongfully detain the possession from him ought not, of itself alone, and without other proof of her rightful possession, be held to show possession in her, so as to unite such possession to her right to a lien, and enable her to retain such possession as against one having a better right.

Under the views above expressed we find no error on the part of the court in giving or refusing instructions, and the judgment will be affirmed.