## Colean Manufacturing Company v. William Jones.

### Gen. No. 4,562.

1. LANDLORD'S LIEN—*how may be enforced.* It is not essential that the landlord should enforce his lien by distress where the tenant admits the liability and delivers the crop (which is the subject of the lien) in satisfaction of the claim.

Action of trover. Appeal from the Circuit Court of Knox County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the April term, 1905. Affirmed. Opinion filed August 1, 1905.

P. S. POST and ARTHUR KEITHLEY, for appellant.

E. A. CORBIN and R. C. HUNT, for appellee.

MR. JUSTICE FARMER delivered the opinion of the court.

W. J. Allen and Arthur S. Allen were tenants upon the farm of appellee under a written lease for the premises, from March 1, 1901, to March 1, 1906. By the terms of the lease the lessees agreed to pay as rent $900 per year, one-half of which was to be paid on or before January 1st, the other half on or before February 15th of each year. The lease provided that either party might terminate it at the end of any year by giving the other party notice in writing of his intention to do so not later than October 15th preceding the end of the year. Before the last year the premises were occupied under this lease, Arthur S. Allen appears to have withdrawn from any further occupancy of the premises, and W. J. Allen continued to occupy the farm under the lease. On the 22nd of September, 1903, the Allens executed a chattel mortgage to appellant upon the corn growing on the farm mentioned in the lease, and also a piece of corn growing upon land not described in the lease which had been rented to Allen by appellee. The mortgage was given to secure a note given on the same date by the Allens to appellant for $1,000, payable November 1, 1903. On the 7th day of October, 1903, William J. Allen, being indebted to appellee for rent in the sum of

Colean Manufacturing Co. v. Jones.

$1,000, and appellee being security for him to other parties for debts amounting to a considerable sum, entered into a written agreement with appellee, which was indorsed on the back of the lease, that in consideration of debts and obligations of Allen's paid and to be paid by appellee, amounting to about $4,000, and rent to the amount of $1,000 due appellee, Allen sold and conveyed to him certain personal property which is not here involved, and all the corn then standing in the field on the premises covered by the lease and also twenty-seven acres of corn standing in the field on premises not included in the lease, and surrendered the unexpired term of the lease to appellee. It was also agreed between the parties in writing that in consideration of Allen being allowed to occupy the dwelling on the premises leased until the 1st day of March, 1904, he would gather and crib all of said corn. A few days later, Allen notified appellee he could not gather the corn, and appellee went to the farm and took possession thereof, and of the property mentioned in the contract referred to. On the first day of November appellant went to the premises to take possession of the property described in its mortgage and found appellee in possession of the corn. He refused upon demand to deliver it to appellant and gathered and fed or marketed the entire crop. Appellant then sued appellee in trover for the value of the crop of corn. By agreement, the cause was tried before the court without a jury, resulting in a judgment in favor of appellant for $145, from which this appeal is prosecuted.

There is no question raised upon the facts. Appellant's contention is that by the agreement surrendering the lease to appellee and turning over to him the corn, appellee's lien as landlord was merged in his title as purchaser, and that he held subject to the chattel mortgage of appellant. The law gives the landlord a lien upon the crops to secure his rent, and this lien has priority over any mortgage made by the tenant to other parties. If appellant's position is sound, it would mean that as against a mortgage or judgment creditor of the tenant, the landlord could only satisfy his

lien by proceedings in distress.    We do not understand
this to be a correct proposition.    Where, as in this case,
the rent due is substantially equal to the value of the crop,
and the tenant is willing and desirous of delivering the
crop to the landlord in payment of the rent, it would seem
unreasonable to prohibit the landlord from accepting pay-
ment in this way and require him to bring about the same
result by resorting to the levying of a distress warrant and
incurring the costs and expenses incident thereto.    We are
of opinion the law authorizes the landlord to satisfy his
lien by accepting from the tenant the crop, or a sufficient
amount thereof, to pay the rent due without resorting to
proceedings in distress for rent, and we think this view
is sustained by Hunter v. Whitfield, 89 Ill. 229.    By the
terms of the lease, the rent became due appellee when the
mortgage was executed to appellant, and we are of opinion
the doctrine of merger does not apply to this case.    Ap-
pellant's counsel say in their brief, the judgment of $145
was rendered in favor of plaintiff· "upon the theory that
that sum was the value over and above the rent due
appellee of that portion of the crop of corn raised upon the
land not included in the lease."    We are of opinion appel-
lant was entitled to no more than that, and the judgment
is, therefore, affirmed.

*Affirmed.*