FARMERS GRAIN AND SUPPLY COMPANY *et al.*, Plaintiffs-Appellees, v. ROBERT SKINNER *et al.*, Defendants-Appellants.

Third District   No. 3—87—0082

Opinion filed September 28, 1987.

Charles Godbey, of Aledo (Karl Bredberg, of counsel), for appellee John Welch.

JUSTICE HEIPLE delivered the opinion of the court:

Faced with a conflict between a landlord's statutory crop lien for rent and an agricultural supplier's perfected security interest in proceeds from the sale of crops grown on the rented land, the trial court determined that the landlord's lien has priority. The supplier of the agricultural products appeals. We affirm.

In January of 1985, John Welch verbally agreed to lease approximately 200 acres of his farmland to Robert Skinner. The terms of the lease provided that Skinner would pay Welch $5,500 on June 1, 1985, and $10,500 on January 1, 1986, for a total of $16,000 cash rent for the 1985 crop year. During the spring of 1985, Skinner requested M & W Ag Service, Inc. (M & W) to apply chemicals and fertilizer to the land owned by Welch. Unable to pay cash for the chemicals and fertilizer, Skinner agreed to grant M & W a security interest in the 1985 crops to be grown on Welch's land. M & W perfected the security interest by filing a financing statement pursuant to article 9 of

the Uniform Commercial Code. (Ill. Rev. Stat. 1985, ch. 26, par. 9—101 *et seq.*) Skinner made no rent payments or payments to M & W.

Skinner's 1985 crops were harvested and held by Farmers Grain and Supply Company. Welch and Farmers Grain and Supply Company filed a complaint against Skinner, M & W, and other landowners not involved in this appeal, alleging that Welch had a landlord's crop lien which took precedence over M & W's security interest. The trial court agreed and granted Welch's motion for summary judgment. The court entered judgment against Skinner in the amount of $16,000 for the rent due plus costs and ordered all crop proceeds from Welch's farm to be turned over to Welch.

The sole issue in dispute is whether a landlord's statutory crop lien for rent has priority over an article 9 security interest in proceeds from the sale of crops grown on the leased farmland. We find that it does.

■ Section 9—316 of Illinois' Code of Civil Procedure provides in relevant part:

"Every landlord shall have a lien upon the crops grown or growing upon the demised premises for the rent thereof, whether the same is payable wholly or in part in money or specific articles of property or products of the premises, or labor, and also for the faithful performance of the terms of the lease." (Ill. Rev. Stat. 1985, ch. 110, par. 9—316.)

Illinois courts have held for over a century that a landlord's crop lien is superior to all other types of liens. *Thompson v. Mead* (1873), 67 Ill. 395; *Wetsel v. Mayers* (1879), 91 Ill. 497.

Article 9 of the Illinois Uniform Commercial Code outlines the priorities among conflicting security interests in the same collateral. However, article 9's priority rules do not apply when one of the conflicting interests is a landlord's crop lien, because article 9 expressly exempts landlords' liens from the scope of its coverage. (Ill. Rev. Stat. 1985, ch. 26, par. 9—104(b).) M & W acknowledges this exemption, but argues that modern farming conditions make application of the rule impractical and unfair. M & W proposes that the priority between the landlord's lien and an article 9 security interest be determined by an equitable apportionment rule allocating the collateral between the opposing lienholders based on the respective amounts due each party. We disagree.

■ This issue was previously considered by the Fourth District in *Dwyer v. Cooksville Grain Co.* (1983), 117 Ill. App. 3d 1001. When determining whether a landlord's crop lien or a bank's security interest in the landlord's crops grown on the property had priority, the

court found that the landlord's crop lien took precedence. Noting that the language in article 9 makes it clear that no part of the article applies to a landlord's statutory lien for crops, the court concluded that a landlord's crop lien "still has superiority over all other interests, including those created under article 9." (117 Ill. App. 3d 1001, 1005.) We agree with the reasoning and result in the *Dwyer* case.

Under established Illinois law, a landlord's lien for crops is paramount. Adoption of the Uniform Commercial Code has not altered the superiority of the landlord's lien. As defendant noted, farming conditions have indeed changed. Production financing is now commonplace. However, recognition of this factor does not warrant disregard of the clear terms of the Commercial Code and the established body of case law relating to the paramount nature of a landlord's lien for crops.

Accordingly, we affirm.

Affirmed.

BARRY, P.J., and SCOTT, J., concur.