## THOMAS H. TRAVERS

### v.

## JOSEPH M. COOK.

*Landlord and Tenant—Lien for Rent—Crops—Replevin—Sales.*

1.   A landlord's lien on crops for rent is paramount to the lien of an execution.

2.   The plaintiff in an action of replevin, in order to recover, must be the owner of, or have the right to, the immediate possession of the property.

3.   While it is true that the statute gives the landlord a lien upon the crops grown and growing upon the demised premises for the rent thereof, it does not invest him with the title, either general or special. The legal title and the right to possession remain in the tenant, subject to be divested by an appropriate proceeding at law. The lien of the landlord is analogous to the lien given by law to executions in the hands of officers authorized to receive and execute them. Such an execution is a lien on property, subject to be levied upon, but the officer can not, by virtue of the lien alone, maintain replevin, if another than the execution debtor has possession of the property. The lien alone gives the officer no such interest in the property as will enable him to succeed in trover or replevin.

4.   The officer, to obtain such an interest as would enable him to maintain an action of trover or replevin, must levy upon the property, and by virtue of the lien, reduce it to possession.

5.   The possession by a landlord of a mere lien, there having been no levy of a distress warrant, can not give him either the ownership of, or an immediate right to, the possession of crops, and he can not, therefore, succeed in an action of replevin.

[Opinion filed December 3, 1891.]

IN ERROR to the County Court of Fulton County; the Hon. W. S. EDWARDS, Judge, presiding.

Mr. ARTHUR KEITHLEY, for plaintiff in error.

Messrs. GRAY & WAGGONER, for defendant in error.

BOGGS, J.   The defendant in error, as constable of Fulton County, had an execution against Samuel A. Dray, issued on

the 15th day of July, 1890, on a judgment rendered May 24, 1890, by a justice of the peace in favor of one C. Wykoff.

On the 24th day of July, 1890, the constable, by virtue of the execution, levied upon "The corn, oats and hay grown and growing upon the N. ½ of Sec. 20, Fairview, in Fulton Co.," as the property of said Dray.

The plaintiff in error instituted an action of replevin against the constable before a justice of the peace, to recover possession of the property levied upon, and being defeated there, prosecuted an appeal to the County Court of Fulton County, and there a trial by a jury was by agreement waived, and the cause submitted to the court. Upon a hearing the court found the issue for the defendant, and rendered judgment accordingly against the plaintiff, to reverse which this writ of error is prosecuted. The evidence duly preserved in a bill of exceptions is before us.

The plaintiff in error claims that he was the owner of the land described by the constable in the indorsement of the levy as the N. ½ of Sec. 20, etc., and that he had, in March, 1890, leased it for one year to Samuel Dray, the defendant in the execution, who was his tenant, and that under the statute he, as landlord, had a lien upon the crops grown and growing upon the land. He further claims that he notified the constable before the levy was made of the existence of his lien, and warned him not to attempt to levy upon or take possession of the property. After the levy was made, he demanded of the constable the possession of the property and this was refused, the constable in reply to the demand saying he could not have it without he replevied. Thereupon he brought this suit in replevin.

If all that is thus claimed by plaintiff in error be conceded to be established by the evidence, it would then follow that he had a lien as landlord upon the "corn, oats and hay grown and growing upon the said N. ½ Sec. 20," etc., that is to say, upon the property levied upon by the constable. And it may further be conceded that such landlord's lien was paramount to the lien of the execution in the hands of the constable, as is declared to be the law in Thompson v. Mead, 67 Ill. 395,

Wetsel v. Meyer, 91 Ill. 497, and perhaps other cases, and then the question remains, can the plaintiff in error maintain his action of replevin.

It is an elementary doctrine that the plaintiff, to recover in replevin, must be the owner of, or have the right to, the immediate possession of the property.

While it is true that the statute gives the landlord a lien upon the crops grown and growing upon the demised premises for the rent thereof, yet it does not invest him with the title, either general or special. The legal title and the right to possession remain in the tenant, subject to be divested by an appropriate proceeding at law. The lien of the landlord is analogous to the lien given by law to executions in the hands of officers authorized to receive and execute them. Such an execution is a lien on property subject to be levied upon, but the officer can not, by virtue of the lien alone, maintain replevin if another than the execution debtor has possession of the property. The lien alone gives the officer no such interest in the property as will enable him to succeed in trover or replevin. Mulheisen v. Lane, 82 Ill. 117.

The officer, to obtain such an interest as would enable him to maintain an action of trover or replevin, must levy upon the property and by virtue of the lien reduce it to possession.

And so the landlord has a mere lien on the "crops grown and growing," which does not entitle him to possession until he has issued his warrant and executed it, as the law author izes him to do. The title and right of possession is in the tenant, subject to be taken away by appropriate proceedings to enforce the lien of the landlord. Frink v. Pratt, 130 Ill. 332.

In the late case of Finney v. Harding, decided by our Supreme Court, but not yet officially reported, but which may be found in the Weekly North Eastern Reporter, May 15, 1891, it is said concerning the lien of landlords: "No better statement can perhaps be found than that made in the separate opinions of Justices McAllister and Craig, in Watts v. Schol field, which is as follows:

"It is true the plaintiff (a landlord) had a lien given by the statute but it is a mere lien. The landlord by virtue of the lien

alone, and without the levy of a distress warrant, had not a right of possession."

So in the case at bar it must be said that if all that is necessary to establish the existence of a landlord's lien in favor of the plaintiff in error is conceded, yet he had but a mere lien, and that, without a levy of a distress warrant, did not give him either the ownership of, or an immediate right to, the possession of the property. Having neither he can not succeed in an action of replevin.

Plaintiff insists that he became the owner of the crops in question by purchase from Dray in April or May, and that they were not susceptible of manual or even symbolical delivery, and being the owner he ought to have recovered. In relation to this alleged purchase of the crops, the plaintiff testifies that he sold the land to Dray about March 1, 1890, taking notes from Dray for the purchase money and delivering him a bond for a deed; that about the last of April or first of May, Dray told him he could not pay for the land and that they rescinded the land sale, Dray giving up the bond and plaintiff agreeing to surrender up the notes; that Dray then rented the land until March 1, 1891, at $400 cash, rent to be paid March 1, 1891, and that Dray agreed to deliver to the plaintiff in Fairview all crops grown on the place, to be taken by plaintiff at the market price and paid for in cash, less the amount due for rent. Dray, as a witness for plaintiff, testifies to the same effect. This arrangement falls far short of constituting a sale as against third persons. Besides this, other evidence in the case was in sharp conflict with these statements of plaintiff and Dray. It was admitted that the plaintiff still held the notes given by Dray for the land. It was proven that Dray, upon proper foundation laid in his cross-examination after the alleged renting of the land, sought to have the assessment of the land for taxation reduced on the ground that it was valued too high. The plaintiff admitted that, after the alleged purchase of the crops, he notified the constable not to levy, because he thought he could hold the crop for the rent, and the constable testified that what the plaintiff really said was, that he could hold the crops because Dray had failed in

making his payments. The constable further testified that Dray said he would mortgage his crops and raise the money and pay the execution. Dray, upon his cross-examinationt denied that he had made these statements; no proposition of law was asked of the court, and we can not tell but that the court agreed with counsel for plaintiff as to the law concerning the alleged sale, sufficiency of delivery, etc., but did not regard the rescission of the sale of the land and purchase of the crops proven by a preponderance of the evidence, in which latter event we could not say that the court erred. It is urged that the court erred in allowing the execution and certain other testimony for the defendant to be admitted in evidence. If we are right in the conclusion that plaintiff failed on his part to show a right of recovery, it is, of course, not necessary to determine whether evidence offered by defendant was improperly received. The plaintiff failing to show a right of recovery, the finding should have been, as it was, against him, and is affirmed.

*Judgment affirmed.*