## A. J. Gazelle v. Harry E. Doty.

1. REPLEVIN—*Requisites of the Action.*—To maintain replevin the plaintiff must have the right of possession as well as the right of property.

2. FRAUD—*Transactions as to Third Persons.*—A transaction valid as between the parties to it, may, nevertheless, be fraudulent and void as to third persons.

Replevin. Error to the County Court of Cook County; the Hon. C. A. BISHOP, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed February 14, 1898.

F. P. BLACKMAN, attorney for plaintiff in error.

FRANK L. CHILDS, attorney for defendant in error.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Doty, defendant in error, begun a suit in replevin before a justice of the peace, against Gazelle, a constable,

plaintiff in error, to recover certain personal property, and recovered judgment for same, with nominal damages and costs, from which Gazelle appealed to the county court, where a trial before the court, a jury being waived, resulted in a like finding and judgment in Doty's favor, from which this writ of error is prosecuted.

Numerous errors are assigned, which, in substance, are that the finding and judgment of the county court were contrary to the law and the evidence.

It appears from the evidence that Doty, who was an employee and in charge of the rent department of the firm of Doty Bros. & Co., composed of Fred Duane Doty and Giles S. Doty, Jr., doing a real estate and renting business at No. 110 Ogden Avenue, Chicago, on June 2, 1894, and for some time prior thereto, at a weekly salary of $15, purchased the property in question and received a bill of sale thereof on said date from Doty Bros. & Co., which recites a consideration paid by defendant in error of $1,000, but there was in fact paid only $483.75, consisting of two notes, one for $100, and one for $58.75, and $325 in cash.

The property in question, consisting of a one-story brick building and fixtures, office furniture and a typewriter, was all used by Doty Bros. & Co., in their business at 110 Ogden Avenue prior to June 2, 1894, and after that date up to June 20, 1895, they continued to use the same property in the same business, conducted at the same place, without any outward or visible indication of change of possession, and during all that time defendant in error remained in their employ, as he had been prior to June 2, 1894.

At the time the bill of sale was made, and on the same day, defendant in error made a lease of the property in question to Doty Bros. & Co., under which they agreed to pay defendant in error rent for the

property, but for what time or what amount does not appear. The preponderance of the evidence shows that on the first day of June, 1894, Doty Bros. & Co., acting as agents, collected rents for Mariner & Under-. wood amounting to the sum of $95.50, which was not paid over to Mariner & Underwood. Afterward Mariner & Underwood brought suit against Doty Bros. & Co., and recovered judgment for $95 and costs against them before a justice of the peace, on which judgment execution was issued and levied by plaintiff in error on the property in question, June 20, 1895, while it still remained in the possession of Doty Bros. & Co., as above stated.

After demand made of the constable, defendant in error brought replevin for the property which resulted in the judgment in his favor.

Conceding that the transactions between defendant in error and Doty Bros & Co. were sufficient, as against creditors, to pass the title of the property, still defendant in error was not entitled to the immediate right of possession, because of his lease to Doty Bros. & Co., which does not appear to have been terminated prior to the issuance of the execution nor prior to the levy. To maintain replevin the plaintiff must have the right of possession as well as the right of property. Wheeler v. Train, 3 Pick. 254, and cases cited; Simmons v. Jenkins, 76 Ill. 480; Travers v. Cook, 42 Ill. App. 580; Edwin v. Jacobson, 47 Id. 93.

The transaction, however, as against creditors was fraudulent and void, though good as between defendant in error and Doty Bros. & Co., and therefore the finding and judgment should have been for plaintiff in in error. Thornton v. Davenport, 1 Scam. 297; Greenebaum v. Wheeler, 90 Ill. 296; Rozier v. Williams, 92 Ill. 188; Lowentrout v. Campbell, 130 Ill.

505; Huschle v. Morris, 131 Ill. 589–93, and cases cited.

The judgment is reversed and the cause remanded.

