MIDLAND CONTRACTING CO. v. TOLEDO FOUNDRY & MACHINE CO.

(Circuit Court of Appeals, Seventh Circuit.    February 5, 1907.    Rehearing Denied May 17, 1907.)

No. 1,292.

**1. COURTS—FEDERAL COURTS—RESIDENCE OF PARTIES—OBJECTIONS—WAIVER—FEDERAL COURTS.**

The right of a defendant, sued in a federal court on the ground of diversity of citizenship, to object to the jurisdiction of the court because neither party is a resident of the district, is waived by his entering a general appearance and asking for an extension of time in which to plead and for a continuance, prior to the making of such objection.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 815.]

**2. REPLEVIN—DECLARATION—SUFFICIENCY ON DEFAULT.**

Replevin is a possessory action, and where a wrongful taking is not alleged, but only a wrongful detention, the declaration must allege an immediate right of possession in the plaintiff, and an allegation of ownership merely will not sustain a judgment for plaintiff where defendant makes default.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Replevin, §§ 211–214.]

**3. COURTS—PROCEDURE IN FEDERAL COURTS—ASSESSMENT OF DAMAGES ON DEFAULT.**

Rev. St. § 649 [U. S. Comp. St. 1901, p. 525], which requires a stipulation in writing waiving a jury to authorize trial of issues of fact by the court alone, is not applicable to default cases, and in an action of replevin brought in a federal court within the state of Illinois, in which the defendant makes default, the court is authorized to assess the damages without a jury under the Illinois practice act (3 Starr & C. Ann. St. Ill. 1896, c. 110, par. 41).

[Ed. Note.—Conformity of practice in common-law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594, and Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

In Error to the Circuit Court of the United States for the Eastern District of Illinois.

This writ of error is prosecuted from a judgment recovered against the Midland Contracting Company, defendant below, upon alleged default, in a replevin suit, brought by defendant in error, to recover a steam dredge and damages for alleged unlawful detention.    The suit was commenced in the Circuit Court for the Eastern District of Illinois, by summons and writ of replevin, with service returned as made upon the superintendent of the defendant corporation (plaintiff in error) at Vandalia, Ill., December 1, 1905. The declaration avers, in substance, that the plaintiff therein (defendant in error) is an Ohio corporation, citizen, and resident; that the defendant therein is a Colorado corporation, having its principal place of business at St. Louis, Mo.; and that the defendant on November 20, 1905, unjustly and unlawfully detained a steam dredge, the property of the plaintiff.

On December 2d the plaintiff in error delivered to the marshal an indemnifying bond for retention of the dredge. On March 13, 1906, a rule was entered upon it to plead to the declaration by March 15th. On March 15th an affidavit of the attorney on its behalf was filed in court, then in session, averring a good and meritorious defense, with reasons for an extension of time to prepare and plead, praying such extension and continuance to the May term. Both motions were denied by the court. On March 16th the record states appearance of both parties, and leave "given the defendant to plead to the plaintiff's declaration herein, instanter;" that "its plea to the jurisdiction" was thereupon filed; and that demurrer to such plea was entered. The plea states the incorporation of the parties in Ohio and Colorado, respectively, and that neither resides in the district of the venue.

On March 19th upon consent of parties, the demurrer to the plea was treated "as a motion to strike said plea from the files," and the court sustained such motion upon the ground that "the defendant had hitherto waived its rights under said plea to the jurisdiction of the court," through its several general appearances. No further motion appearing on behalf of the plaintiff in error, the judgment order was entered of which review is sought. It recites the failure of the defendant therein "to plead, answer, or demur"; that "having made default, and the court having heard the evidence submitted by the plaintiff, finds the issues for the plaintiff," and thereupon adjudges the dredge to be the property of the plaintiff below, and that the damages for the wrongful detention are $1,100. It awards recovery of possession and damages accordingly. Error is assigned for rejecting the plea in abatement and upholding jurisdiction of the parties, and for various alleged errors in practice.

D. E. Keefe, for appellant.
W. J. Wuerfel and Howard A. Swallow, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts). The contention that the trial court erred in upholding jurisdiction, when it appeared that both parties to the suit were nonresidents of the district, is untenable, in view of the general appearance of the defendant below, in open court, on March 15th, with an affidavit of meritorious defense and of need for further time to prepare for trial, and an application thereupon for extension of time to plead and for continuance of the cause. This appearance was without qualification, and the plea in abatement was not filed until the following day, when leave was granted by the court to plead to the declaration. As the rule is well settled that the provision for suits to be brought in the district of the residence of one or the other party "does not touch the general jurisdiction of the court over such cause between such parties," but "is a matter of personal privilege, which the defendant may insist upon, or may waive, at his election" (Interior Construction Co. v. Gibney, 160 U. S. 217, 219, 220, 16 Sup. Ct. 272, 40 L. Ed. 401, and authorities cited), the appearance and applications referred to waived the objection subsequently interposed, and the plea was rightly overruled.

The plaintiff in error appears to have rested on the jurisdictional plea, making no application for leave to plead to the merits or for other relief from the default thereupon entered, and the only remaining questions open to consideration are, whether the record authorizes the judgment as entered. Error is assigned of two classes: (1) Want of timely service or sufficient declaration to authorize any default judgment in replevin; and (2) want of authority for assessment of damages by the court, without a jury.

1. The objections raised under the first-mentioned head are twofold: (1) That the defendant below was not in default under Practice Act Ill. c. 110, §§ 1, 8 (3 Starr & C. Ann. Ill. St. 1896, pp. 2977, 2989); (2) that the declaration is insufficient to support the judgment.

Assuming (without so deciding), for the one proposition, that the sections referred to were operative in the trial court, neither section impresses us as applicable to the case at bar. Section 1 provides that

the summons shall be returnable to the first day of the next term, except when sued out within 10 days of such term, and shall then be made returnable to the succeeding term. Section 8 provides, when service cannot be made 10 days before the return day, and summons is served later, that "the defendant shall be entitled to a continuance, and shall not be compelled to plead before the next succeeding term." The summons in suit was served December 1, 1905 and made returnable to the ensuing March term; so the fact of service appears within the terms and meaning of the statute. Any question of the regularity of such service is settled by the general appearance and not reviewable upon this inquiry.

The sufficiency of the declaration or record to support judgment in replevin is challenged, and we are of opinion that at least one ground is well assigned, namely, that there is no allegation of the right of the plaintiff therein to possession of the property. The declaration avers, not wrongful taking of the goods, but their wrongful detention by the defendant, for which replevin is authorized by statute in Illinois. Section 1, c. 119, Rev. St. 1874; 3 Starr & C. Ann. St. p. 3373. While ownership by the plaintiff is alleged, there is no allegation of right of possession; and the action being possessory, not essentially determinative of title, the sole issue to be tried is the right of possession at the commencement of the action. Cobbey's Law of Replevin, § 12; Reynolds v. McCormick, 62 Ill. 412, 415; Pease v. Ditto, 189 Ill. 456, 468, 59 N. E. 983. Ownership in one person does not exclude right of immediate possession in another, and the mere allegation of title does not tender the issue of right of possession, where unlawful taking is not averred. Wheeler v. Train, 3 Pick. (Mass.) 255, 257; Gazelle v. Doty, 73 Ill. App. 406, 408. Under the well-settled rules that the declaration must allege facts which give a right of recovery—with no presumptions arising in favor of the pleader—and that "a default admits only the facts well pleaded" therein (Schueler v. Mueller, 193 Ill. 402, 404, 61 N. E. 1044), the alleged fact of ownership does not, as we believe, authorize the judgment in replevin.

With the premise conceded, in effect, that the possession of the defendant was originally lawful, the plaintiff can recover upon the strength alone of his immediate right thereto, and not upon defect in the adversaries' claim. So neither the allegation of title nor that of unlawful detention presents the issue of immediate right of possession in the plaintiff, and default thereunder confesses no such fact.

2. The further contention of error in the assessment of damages by the court, without a jury, is not deemed tenable, as such procedure is authorized, upon default, by section 40 of the Illinois practice act (3 Starr & C. Ann. St. c. 110, par. 41, p. 3031). In Fidelity & Deposit Co. v. United States, 187 U. S. 315, 320, 23 Sup. Ct. 120, 47 L. Ed. 194, like provision is upheld as not infringing the constitutional right of trial of issues of fact by a jury. Section 649, Rev. St. U. S. [1 U. S. Comp. St. 1901, p. 525], which requires "a stipulation in writing waiving a jury," to authorize trial of issues of fact by the court alone, is not applicable to default cases; and, no inconsistent provision appearing,

conformity with the practice act of Illinois is authorized under section 914, Rev. St. U. S. [1 U. S. Comp. St. 1901, p. 684].

For the above-mentioned insufficiency of the declaration, we are of opinion that the judgment is unsupported; and it is reversed, accordingly, and the cause remanded for further proceedings in conformity with law.