Elmer C. **MEYERS,** Plaintiff,

v.

**LAKELAND SUPPLY, INC.,** Defendant.

No. 00–C–1372.

United States District Court, E.D. Wisconsin.

March 27, 2001.

Janet L. Heins, Heins Law Office, Mequon, WI,, for Plaintiff.

## DECISION AND ORDER DATED DE-NYING PLAINTIFF'S MOTION FOR JURY TRIAL AS TO DAMAGES

REYNOLDS, District Judge.

Plaintiff Elmer C. Meyers ("Meyers") alleges that his former employer, defendant Lakeland Supply, Inc. ("Lakeland"), unlawfully terminated Meyers' employment on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"). Because this action involves a question of federal law, the court has jurisdiction pursuant to 28 U.S.C. § 1331. Because Lakeland has never answered or otherwise responded to Meyers' December 18, 2000 complaint, Meyers has filed a motion for default judgment.

On February 23, 2001, the court issued an order setting a hearing on Meyers' motion for default judgment to allow Meyers an opportunity to establish damages. On March 16, 2001, Meyers filed a motion requesting a jury trial on the issue of damages. Rule 55(b)(2) of the Federal Rules of Civil Procedure provides the following with regard to default judgments: "[T]he court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States." Meyers argues that he has a statutory right, pursuant to the ADEA, 29 U.S.C. § 626(c), to have a jury determine damages in the event of a default judgment. With respect to actions brought under the ADEA, 29 U.S.C. § 626(c) provides the following:

[A] person shall be entitled to a trial by jury of any issue of fact in any such action for recovery of amounts owing as a result of a violation of this Act, regardless of whether equitable relief is sought by any party in such action.

■ This portion of the ADEA, however, does not speak specifically to the issue of whether Meyers is entitled to a jury trial in the event of a default judgment in this action. In contrast, 28 U.S.C. § 1874 is an example of a statute that specifically entitles plaintiffs to a jury trial as to damages in the event of a default judgment, providing that in "actions to recover the forfeiture annexed to any articles of agreement, covenant, bond, or other specialty," plaintiffs are entitled to a jury trial as to damages if plaintiffs request a jury trial and the amount due is uncertain. Unlike 28 U.S.C. § 1874, the ADEA does not provide plaintiffs with a right to a jury trial as to damages in the event of default judgment.

■ Under Seventh Circuit law, plaintiffs do not have a right to a jury trial as to damages on default judgment. *See Midland Contracting Co. v. Toledo Foundry & Machine Co.*, 154 F. 797 (7th Cir. 1907). The court may order a jury trial as to damages for a default judgment if the court determines that a jury trial is the best means for assessing damages. *See* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 (3d ed.1998). In the present case, Meyers has not demonstrated to the court that a jury trial is the best means for assessing damages. In fact, Meyers has not presented any reasons regarding why Meyers requests a jury trial for the determination of damages. The court finds that it is not necessary to conduct a jury trial as to damages on Meyers' default motion.

## CONCLUSION

Plaintiff Elmer C. Meyers' motion for a jury trial as to damages is **DENIED.**

As previously scheduled, a hearing on plaintiff Elmer C. Meyers' motion for default judgment will be held on **May 11, 2001** at 2:00 p.m., in Room 284 of the United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin. At the hearing, Meyers shall present evidence to the court to substantiate all damages he is claiming.

On or before **May 1, 2001,** Meyers shall serve and file an itemized statement of claimed damages.