JOHNSON v. BRIDGEPORT DEOXIDIZED BRONZE & METAL CO.

(Circuit Court, D. Connecticut. October 20, 1903.)

No. 512.

1. FEDERAL COURTS—FOLLOWING STATE PRACTICE.

It is the settled rule of the federal court in Connecticut that it will follow the practice of the state court which permits a defendant to suffer a default and have a hearing in damages to the court.

2. REMOVAL OF CAUSES—CONDITION OF CAUSE AFTER REMOVAL.

A defendant in a state court in Connecticut, who, after filing notices of his intention to suffer a default and to refuse to plead over and to move for a hearing in damages to the court, in accordance with the state practice, removes the cause into the federal court, is not required to file such notices a second time in that court, the cause standing after removal in the same condition as it did before in the state court.

On Plaintiff's Motion for Assessment of Damages by Jury.

D. G. Perkins, for plaintiff.

S. C. Loomis, for defendant.

¶ 2. See Removal of Causes, vol. 42, Cent. Dig. § 241.

PLATT, District Judge.   Since the decision of Judge Shipman in Raymond v. The Danbury & Norwalk R. Co., 14 Blatchf. 133, Fed. Cas. No. 11,593, this court has invariably followed in this matter the practice which has prevailed for ages in the state courts.   The statute upon which the practice is founded is undoubtedly peculiar, but the Raymond Case settled absolutely for this court that it touches only upon a matter of practice, and in no sense invades a constitutional right.   The line of argument is too threadbare to endure repetition. The main contention of the plaintiff is therefore easily disposed of.

In the case under consideration, however, the plaintiff raises an additional objection to the well-established rule by reason of the following facts:   The action under discussion was made returnable to the superior court for New London county on the first Tuesday of December, 1901.   On December 3, 1901, the defendant filed with the clerk of said court his notice of intention to suffer a default, and to refuse to plead over, and to move for a hearing in damages to the court.   On the same day he also filed with the clerk his notice of defense, as required by the statutes and by rules of the state courts. Having filed these notices, he proceeded in the usual manner to bring about the removal of the cause to this court, and on December 6, 1901, the order of removal was passed.   Separate notices were not filed in this court within the time required by the statute and rules of the state court.   It is beyond dispute that the cause comes into this court laden with whatever proceedings had properly attached thereto in the state court before its removal, but the plaintiff stoutly contends that the notices of intention and of defense only apply to the cause in the condition it was in at the time, and in no sense evidence his intended action in the later forum to which he, of his own motion, has removed it.   Such position is altogether too narrow and technical. If the cause had been removed to some other county under the state practice, the objection would have been quite as meritorious as it is here.   Any person familiar with the machinery of the federal and state courts in Connecticut can easily imagine a situation in which, if the plaintiff's contention prevails, it would be impossible for the defendant to avail himself of a right which the local statute has given him.   Passing that, however, I think that he is wrong on principle. It is a notice of intention to take a certain position in any forum, federal or state, where jurisdiction of the controversy attaches.   The cause enters this forum with that intention, and proceeds according to the federal statute, as if it had been brought here originally.   The motion filed by plaintiff on October 13, 1903, is denied.   The damages will be assessed by the court.

In view of the stress of affairs which burdens the present incumbent of the bench, the clerk may hear the facts and report his conclusions, if the parties desire such action.