**John R. HENRY, Jr., Plaintiff-Appellee,**

v.

**Amalie SNEIDERS, and Amalie Sneiders, as Personal Representative of the Estate of Maksis Sneiders, Deceased, Defendant-Appellant.**

**No. 72-2096.**

United States Court of Appeals, Ninth Circuit.

Jan. 11, 1974.

Vaughn E. Evans (argued) Jack Steinberg, Steinberg & Steinberg, Seattle, Wash., for defendant-appellant.

C. Henry Heckendorn, Heckendorn & Judd, Seattle, Wash., for plaintiff-appellee.

Before DUNIWAY and WRIGHT, Circuit Judges, and EAST, District Judge.*

PER CURIAM.

This is an action for fraud and breach of contract arising from the sale of rare stamps through the mail. The plaintiff alleged that the defendants, Amalie Sneiders and Maksis Sneiders, who is now deceased, sold counterfeit stamps, misrepresented by them to be genuine, to the plaintiff. Proceeding under Fed. R.Civ.P. 34, plaintiff sought discovery of certain records concerning the disputed transactions. Following defendant's repeated refusal to produce these records, the district court entered default judgment in favor of the plaintiff pursuant to Fed.R.Civ.P. 37(b)(2).[1] Defendant appeals, and we affirm.

---

* Of the District of Oregon.

1. "If a party . . . fails to obey an order to provide or permit discovery . . ., the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . .

"(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

We consider appellant's six assignments of error separately.

■ 1. *Were the defendant's records protected by the privilege against self-incrimination?* After the commencement of this civil action, the appellant and her husband were indicted for mail fraud, the indictment being based in part on the sale of stamps to the plaintiff. The indictment against the defendant was dismissed following the death of her husband, but the dismissal was without prejudice. Since the defendant was subject to criminal prosecution for the transaction at issue in the instant civil case, she claims that records concerning that transaction are protected by the Fifth Amendment privilege against self-incrimination.

The claim is without merit. Under an agreement between the prosecutor and appellant's husband, the records were handed to the postal authorities in connection with the criminal proceedings. Therefore, even if the records were incriminating, their disclosure in the civil case would not have tended to incriminate the defendant. Any incriminating information was already in the hands of the prosecuting authorities.

2. *Was the default judgment greater in amount or different in kind than that prayed for in the complaint?* Fed.R. Civ.P. 54(c) provides that a

> judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment.

■ The appellant argues that the judgment was different in kind from that prayed for in that it ran against her personally rather than as a member of the marital community. The plaintiff, however, prayed "for judgment against the defendants *and each of them, and* the marital community composed of them." (Emphasis added.) Therefore, the personal default judgment conformed to the pleadings.

■ The appellant also argues that the default judgment for $235,338.89 exceeded the $71,243.68 prayed for in the complaint. That part of the prayer, however, was for the amount that the plaintiff had paid to the defendants. In addition, plaintiff prayed for additional damages for breach of contract, the amount of which was to be proved at trial.[2] The prayer was not limited to $71,243.68, and the default judgment did not exceed the amount prayed for.

■ 3. *Should the district court have granted summary judgment in favor of defendant?* Appellant argues that plaintiff lacked sufficient evidence with which to prove his case and that summary judgment against him should have been awarded. Any insufficiency of the plaintiff's evidence was a direct result of appellant's refusal to comply with a legitimate request for discovery. The assignment of error is, therefore, entirely without merit.

■ 4. *Should the trial judge have been disqualified for prejudice?* Appellant draws our attention to a number of dialogues between the trial judge and appellant's counsel in an effort to show prejudice on the part of the trial judge. The trial judge understandably expressed dissatisfaction and frustration over appellant's repeated refusals to produce the records. But our review of the record reveals that, notwithstanding this

2. Plaintiff prayed as follows:
"By reason of breach of the contract, misrepresentation, and fraud of the defendants, Plaintiff has suffered a direct loss of the purchase price in the amount of $71,243.68, *together with additional amounts* not yet fully determined for appraisal examination costs, *loss of the value of the stamps as represented,* legal expenses and attorneys' fees, embarrassment, anxiety, and loss of health, the full amounts of which Plaintiff will prove at the time of trial. . . .
"WHEREFORE, Plaintiff prays for judgment against the Defendants *and each of them,* and the marital community composed of them, in the sum of $71,243.68 damages for funds fraudulently procured, *and for Plaintiff's other damages as are proved at the time of trial, together with interest and costs.*" (Emphasis added.)

understandable frustration, the trial judge was extremely fair to the appellant and her claim of privilege. She was given repeated opportunities to produce the documents and avoid a default judgment, but she continued to refuse.

There is no evidence whatsoever of prejudice or improper conduct on the part of the trial judge.

■ 5. *Was appellant entitled to a jury trial on the issue of damages?* After entering default judgment on the issue of liability, the district court held a hearing to determine the amount of damages. Although appellant had asked for a jury on that issue, the court denied the request and proceeded without a jury.

Fed.R.Civ.P. 55(b)(2) authorizes a district court to hold an evidentiary hearing following a default judgment to determine damages.[3] The Rule preserves the right of trial by jury "when and as required by any statute of the United States." Appellant cites no "statute of the United States" requiring a jury trial under these circumstances. Nor is this court aware of any such statute. Therefore, the Rule does not itself require a jury trial on the issue of damages.

Nor does the appellant have a constitutional right to a jury trial under these circumstances, since the Seventh Amendment right to trial by jury does not survive a default judgment. Brown v. Van Braam, 3 U.S. 344, 3 Dall 344, 1 L.Ed. 629 (1797); Midland Contracting Co. v. Toledo Foundry and Machine Co., 154 F. 797 (7th Cir. 1907); Johnson v. Bridgeport Deoxidized Bronze and Metal Co., 125 F. 631 (C.C.D.Conn.1903); Raymond v. Danbury & N. R. Co., 20 Fed.Cas. No. 11,593, p. 332 (C.C.D.

Conn.1877); Gill v. Stolow, 18 F.R.D. 508 (S.D.N.Y.1955), rev'd on other grounds, 240 F.2d 669 (2d Cir. 1957); 6 Moore's Federal Practice ¶ 55.07.

■ 6. *Was the appellant denied a fair opportunity to offer evidence on the issue of damages?* Appellant argues that she was precluded from offering evidence at the hearing to determine damages. Although some evidence was excluded, it would have been relevant only as to liability and, since liability was not then an issue, the evidence was properly excluded as irrelevant. Appellant draws our attention to no excluded evidence which was relevant to the issue of damages.

■ Although she does not explicitly assign it as error, the appellant also argues that the district court made no formal order for discovery. Since default under Fed.R.Civ.P. 37(b)(2) is permitted only for refusal to comply with a *court order* for discovery, appellant argues that default was improper. It is true that the district court did not issue a written order directing the appellant to produce the records. It is clear from an examination of the oral proceedings, however, that the district court had orally ordered appellant to produce the records. Where oral proceedings unequivocally give a litigant notice that certain documents are to be produced, the absence of a written order does not preclude the entry of a default judgment for failure to comply. *See* Jones v. Uris Sales Corp., 373 F.2d 644 (2d Cir. 1967); Moore's Federal Practice, ¶ 37.03.

Each of appellant's assignments of error is without merit. The judgment of the district court is affirmed.

The mandate will issue at once.

---

3. "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or *to determine the amount of damages* or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and *shall accord a right of trial by jury to the parties when and as required by any statute of the United States.*" Fed. R.Civ.P. 55(b)(2). (Emphasis added.)