704 F.2d 1173
 11 Bankr.Ct.Dec. 287
 In re MONTGOMERY MALL LIMITED PARTNERSHIP, a Texas Limited
Partnership, Debtor.
GENERAL ELECTRIC CREDIT CORPORATION, a New York corporation, Appellee,
v.
MONTGOMERY MALL LIMITED PARTNERSHIP, a Texas Limited
Partnership, Appellant.
 No. 81-1525.
 United States Court of Appeals,
Tenth Circuit.
 April 7, 1983.
 
 Irving Sulmeyer, Sulmeyer, Kupetz, Baumann & Rothman, Los Angeles, Cal. (John P. Eleazarian, Sulmeyer, Kupetz, Baumann & Rothman, Albuquerque, N.M., and Jonathan B. Sutin, Sutin, Thayer & Browne, Albuquerque, N.M., with him on brief), for appellee.
 Steven H. Mazer, Albuquerque, N.M., for appellant.
 Before DOYLE, Circuit Judge, BREITENSTEIN, Senior Circuit Judge, and SEYMOUR, Circuit Judge.
 WILLIAM E. DOYLE, Circuit Judge.
 
 
 1
 The appellant, the Montgomery Mall Limited Partnership, appeals from a federal bankruptcy court order which granted foreclosure by way of summary judgment, in favor of appellee, General Electric Credit Corporation. That order was affirmed by the federal district court.
 
 
 2
 Montgomery Mall is a limited partnership and is the owner of the Montgomery Plaza Shopping Center located in Bernalillo County, New Mexico. The debt by Montgomery Mall to General Electric's predecessor in interest, General Electric Credit Corporation of Colorado, is secured by mortgages on the Center and by an assignment of leases and rents from the Center's operations.
 
 
 3
 Montgomery Mall (MMLP) failed to make payments due under its obligations. General Electric Credit Corporation (GECC) instituted a foreclosure action in the state court. That action was commenced on June 16, 1980 and sought (1) foreclosure of the mortgage on Montgomery Center; and (2) foreclosure of GECC's security agreement with MMLP covering rents and profits. The third element of relief which was prayed for was the appointment of a receiver for Montgomery Center.
 
 
 4
 MMLP filed an answer to the action on July 15, 1980. In it, MMLP admitted its liability to GECC in excess of $8,000,000, and admitted that it had failed to make a payment when due and after notice by GECC. It denied, however, that it was in default.
 
 
 5
 GECC moved for summary judgment pursuant to Rule 56 of the New Mexico Rules of Civil Procedure. This motion was set to be heard on September 8, 1980. On September 4, 1980, MMLP filed a Chapter 11 bankruptcy petition, which had the effect of staying the action, including the pending summary judgment hearing.
 
 
 6
 GECC proceeded to file, on September 24, 1980, several documents, including (1) a motion to dismiss MMLP's Chapter 11 proceeding; (2) an application for removal of GECC's pending state action; and (3) a complaint to modify the automatic stay of the state foreclosure proceedings pursuant to 11 U.S.C. Sec. 362(d). A copy of this complaint was mailed to MMLP on September 24, 1980.
 
 
 7
 On October 1, 1980, GECC informed Bankruptcy Court Judge Johnson that it wished to move for emergency relief from the stay of foreclosure proceedings pursuant to Sec. 362(f) of the Bankruptcy Code. The Judge indicated that he informed MMLP's counsel of this motion on October 1.
 
 
 8
 On October 2, 1980, GECC's motion for emergency relief and summary judgment was filed. The grounds for emergency relief were two-fold. First, the claim of GECC that MMLP had failed to provide funds for the payment of operating expenses, and for the salaries of maintenance, security, and management personnel. Second, GECC claimed that MMLP had failed to make funds available for structural repairs which, if not undertaken, would warrant shut-down of the Center.
 
 
 9
 The hearing on the motion was heard on the same day it was filed, October 2, and Judge Johnson found that MMLP did not intend to meet payroll and operating expenses which were then due, that immediate structural repairs were required to preserve the safety of the tenants and customers of the Center, and that irreparable harm to GECC would thereby ensue. Judge Johnson also terminated the stay to the extent necessary for GECC to foreclose its mortgages and security interests. Also, judgment against MMLP, in the sum of $8,054,165.33 plus accrued interest, was entered.
 
 
 10
 Judge Johnson's judgment, however, was without prejudice to the rights of the debtor within ten days from the date thereof to move to vacate the judgment upon an adequate hearing.
 
 
 11
 On October 14, 1980, MMLP filed a motion to vacate the order and judgment. That motion was heard on October 30. On that occasion, MMLP presented little evidence as to why the earlier grant of summary judgment should not be vacated. Instead, counsel for MMLP argued that the grant of summary judgment was procedurally defective. GECC opposed MMLP's approach at the October 30 hearing by presenting evidence in support of its motion for summary judgment.
 
 
 12
 On November 3, 1980, Judge Johnson reaffirmed his decision to grant summary judgment to GECC and against MMLP.
 
 
 13
 The propriety of these proceedings is what is being challenged here now.
 
 
 14
 The assertion of MMLP is that the bankruptcy court lacked jurisdiction under Sec. 326(f) to grant summary relief in favor of GECC.
 
 
 15
 This is a position that might have had some validity prior to the Bankruptcy Reform Act of 1978, Pub.L. No. 95-598. See In re Roloff, 598 F.2d 783, 785 (3d Cir.1979). Also, considering the Supreme Court's recent decision in Northern Pipeline Const. Co. v. Marathon Pipe Line Co., --- U.S. ----, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), MMLP's assertion might have some merit. Northern Pipeline held unconstitutional the assignment of broad jurisdiction to bankruptcy judges. 102 S.Ct. at 2874. See 28 U.S.C. Sec. 1471 (Supp. IV 1980). However, the Supreme Court, in Northern Pipeline, was careful to say that the decision was not to be applied retroactively. See Northern Pipeline, supra, 102 S.Ct. at 2880. The interpretation has been that the Northern Pipeline decision does not have effect on bankruptcy court decisions pending on appeal before June 28, 1982, the date of the Supreme Court opinion. Barnes v. Wheland, 689 F.2d 193, 196 n. 1 (D.C.Cir.1982).
 
 
 16
 In examining the authority or jurisdiction of the Judge to grant summary relief in favor of GECC prior to the Northern Pipeline decision, it would appear that such authority did exist. See 124 Cong.Rec. 534,010 (Oct. 5, 1978) (remarks of Senator DeConcini). The Bankruptcy Reform Act "grants the courts of appeals original and exclusive jurisdiction of all cases under Title 11. That jurisdiction in turn is completely delegated to the bankruptcy court with the sole exception of punishing for contempts by imprisonment and enjoining other courts. The bankruptcy court is thus given pervasive jurisdiction over all proceedings arising in or related to bankruptcy cases. In addition, the bankruptcy court is given exclusive jurisdiction of the property of the estate in a case under Title 11. This represents a major improvement over present law where the distinction between summary and plenary jurisdiction often results in wasteful litigation."
 
 The Rule 56 Problem
 
 17
 Rule 56 of the Federal Rules of Civil Procedure states that a motion for summary judgment "shall be served at least 10 days before the time fixed for the hearing." Fed.R.Civ.P. 56(c). MMLP asserts that, since it received no more than a one day notice of the October 2 hearing conducted by Judge Johnson, the requirements of Rule 56 were not met.
 
 
 18
 Apparently a hearing conducted without proper notice will be set aside. See Swallow v. United States, 380 F.2d 710, 712 (10th Cir.1967) (one day notice of hearing to set aside default judgment is inadequate).
 
 
 19
 But there are differences between these proceedings and an ordinary case. The first of these is that MMLP was on notice that GECC sought summary judgment in the stayed state proceedings. Indeed, "GECC's State Court motion for summary judgment was begun on August 19th and set for hearing on September 8, a full 20 days." Surely, therefore, MMLP should have been aware that GECC was likely to pursue summary judgment relief in bankruptcy court. At the very least, MMLP should have prepared affidavits in opposition to GECC's state court motion for summary judgment, affidavits which could have been used in opposition to GECC's bankruptcy court motion.
 
 
 20
 The foregoing indicates that MMLP cannot be heard to complain that it was prejudiced by short notice of the October 2 bankruptcy court hearing. Cf. Milwaukee Typographical Union No. 23 v. Newspapers, Inc., 639 F.2d 386, 391 (7th Cir.), cert. denied, 454 U.S. 838, 102 S.Ct. 144, 70 L.Ed.2d 119 (1981) ("where no potential disputed material fact exists, a summary judgment will not be disturbed even though the district court disregarded the procedure which should have been followed"); Hoopes v. Equifax, Inc., 611 F.2d 134, 136 (6th Cir.1979) ("it is not reversible error for a district court to grant summary judgment before expiration of the ten day period if the non-moving party can demonstrate no prejudice").
 
 
 21
 Moreover, Judge Johnson's order was subject to a motion to vacate on the part of MMLP. Such a motion was, indeed, made, and a full hearing was had on the motion on October 30, some 29 days after GECC moved for summary judgment in bankruptcy court, and some 72 days after GECC first moved for summary judgment in state court. Nevertheless, MMLP presented very little evidence at the October 30 hearing in support of its motion to vacate, arguing primarily that the October 2 hearing violated the 10 day notice requirement of Rule 56(c).
 
 
 22
 Section 1479(c) of Title 28 suggests a third reason why, in proceedings such as these, it was not inappropriate for Judge Johnson to grant summary judgment. The section provides:
 
 
 23
 All injunctions, orders, or other proceedings, in an action prior to removal of such action under section 1478 of this title shall remain in full force and effect until dissolved or modified by the bankruptcy court.
 
 
 24
 28 U.S.C. 1479(c) (Supp. IV 1980).
 
 
 25
 Section 1479(c) is virtually identical to Section 1450 of Title 28. It has been held under Section 1450 that motions pending in state court survive removal to federal court, and may be passed upon by the federal court. Bramwell v. Owen, 276 F. 36, 39 (D.Or.1921); 1A Moore's Federal Practice, p 0.168[4.-5] & n. 12 (1974) (interpreting Section 1450); 1 Collier on Bankruptcy, p 3.01(b) & n. 120 (1980) (interpreting Section 1479(c)).
 
 
 26
 Sections 1450 and 1479 give at least implicit recognition that notice had in state court proceedings is sufficient to serve as notice of the pendency of proceedings, orders, and motions removed to federal court. Cf. Bryce v. Southern Ry., 129 F. # 966, 967 (Cir.Ct.D.S.C.1904) (removal does "not extend time for answering the complaint"); Johnson v. Bridgeport Deoxidized Bronze & Metal Co., 125 F. 631 (Cir.Ct.D.Conn.1903) (notice of defense and notice of intent to suffer default filed in state court does not have to be filed again upon removal to federal court; these notices filed in state court serve as evidence of defendant's intended action in federal court).
 
 
 27
 Our conclusion is that MMLP ought not to be heard to complain of inadequate notice of GECC's intent to move for summary judgment. This conclusion is not altered by the fact that MMLP's Chapter 11 proceeding and GECC's removed state proceeding had different cause numbers. They clearly concerned one and the same item of business, the Montgomery Shopping Center.
 
 
 28
 There is one other matter to be mentioned and that is Sec. 362(f) of Title 11, which provides:
 
 
 29
 The [bankruptcy] court, without a hearing, shall grant such relief from the stay provided under subsection (a) of this section as is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing * * *.
 
 
 30
 11 U.S.C. Sec. 362(f) (1976).
 
 
 31
 In making its bankruptcy court motion for summary judgment, GECC asserted that irreparable injury would ensue unless expenses of the Montgomery Shopping Center were met and unless structural repairs were undertaken. Indeed, the City of Albuquerque's mechanical and structural engineer testified that the shopping center presented a public hazard, and that he would recommend that it be closed.
 
 
 32
 Accordingly, it was not inappropriate for Judge Johnson to grant relief in accordance with Sec. 362(f) with provision for a rehearing upon a motion to vacate.
 
 
 33
 In light of the foregoing, the grant of summary judgment by Judge Johnson is affirmed. Also, we deem it unnecessary to consider GECC's motion to dismiss this appeal for mootness under Rule 805 of the Rules of Bankruptcy Procedure. This court has, in any event, twice denied the same motion.