122 F.3d 1073
 1998 Copr.L.Dec. P 27,729
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SHAPKIN/CROSSROADS PRODUCTIONS, INC., a California joint
venture, Plaintiff-Appellee,
v.
LEGACY HOME VIDEO, INC., a California corporation; Declan
M. Kavanagh; Tim Louis Crawford, Defendants,
and
Rudy SUTTON; David Stidham, individually and d/b/a VCII
Home Entertainment, Defendants/Appellants.
 Nos. 96-55650, 96-55761.
 United States Court of Appeals, Ninth Circuit.
 Aug. 29, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-93-07701-DT and D.C. No. CV-93-07701-DT(JR); Dickran Tevrizian, District Judge, Presiding.
 
 
 2
 Before: HALL and T.G. NELSON, Circuit Judges, and WINMILL, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Rudy Sutton and David Stidham, individually and d/b/a VCII Home Entertainment ("VCII"), appeal from the entry of default against them. They also appeal from the damages awarded on both the federal copyright claim and the state unfair competition claim. Finally, they argue that the state claim is preempted by the federal copyright law. Shapkin/Crossroads Productions, Inc. ("Shapkin") cross-appeals, arguing that the district court erred by failing to find that Sutton and Stidham acted willfully and by failing to award punitive damages. We affirm the district court on all counts.
 
 I.
 
 5
 Sutton and Stidham argue that the district court abused its discretion by failing to set aside the entry of default. In determining whether the district court abused its discretion, of primary concern is whether the defendant had a meritorious defense. See O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir.1994). There is no issue of fact whether VCII sold copies of the videotape which contained the "editorial revisions" copyrighted by Shapkin in violation of 17 U.S.C. § 106(3). The only question was whether they did so willfully or were simply an innocent infringer. That question is irrelevant to liability. Pye v. Mitchell, 574 F.2d 476, 481 (9th Cir.1978) ("[E]ven where the defendant believes in good faith that he is not infringing a copyright, he may be found liable."). The willfulness issue is only relevant regarding the amount of damages and the district court held a hearing on that matter. Considering the absence of a meritorious defense, the district court did not abuse its discretion by denying the motion to set aside entry of default.
 
 II.
 
 6
 Sutton and Stidham also contend that the district court was required to set aside the default judgment because they had inadequate notice under Fed.R.Civ.P. 55(b)(2). This argument fails. The district court offered to continue the hearing for a day upon noticing that the required notice was a day short.[1] The refusal by Sutton and Stidham of this offer waived further objection of inadequate notice.
 
 
 7
 Sutton and Stidham argue that the court relied upon a relation-back theory in making its decision that adequate notice was given, and it is that theory which must be examined. The district court did not abuse its discretion, however, by relating back to the notice received on December 8. "Clearly, the purpose of [the notice requirement of] Rule 55(b)(2) is to make certain that a defaulted party is on notice of the possibility that a default judgment might be entered against him/her." Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, 982 F.2d 686, 693 n. 16 (1st Cir.1993). Even though there was no timely service under Rule 55(b)(2), it cannot be disputed that Sutton and Stidham had sufficient notice that a default judgment might be entered on January 17, 1996. See Ad West Mktg. v. Hayes, 745 F.2d 980, 982-83 & n. 5, 985 n. 7 (5th Cir.1984) (notice was sufficient when defendant had ample warning that plaintiff sought a default judgment). It was within the district court's discretion, therefore, to apply a relation-back theory in refusing to set aside the default.
 
 III
 
 8
 Sutton and Stidham appeal from the district court's award of damages on the copyright claim on several grounds.
 
 A.
 
 9
 Sutton and Stidham argue that Shapkin is not entitled to a specific award of damages because no specific amount of damages were requested in the complaint. In its complaint Shapkin requested actual or statutory damages that were to be determined in the future. So long as a plaintiff requests actual damages in its complaint, it may receive them in a default judgment even though it did not request a specific amount. Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.1974).[2] Because Shapkin's complaint requested a damage award to be determined, the district court's damages award on default was not an abuse of discretion.
 
 B.
 
 10
 Sutton and Stidham argue that the district court's award of the full amount of non-willful statutory damages was an abuse of discretion because the amount of actual damages is readily ascertainable. This argument is counter to circuit precedent. Statutory damages may be elected "whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant." Peer Int.'l Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1337 (9th Cir.1990) (quoting Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir.1984)). Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F.2d 1545 (9th Cir.1989), cited by Sutton and Stidham, is not on point. In Frank Music, the court rejected the argument that statutory damages are mandatory when the infringer's profits are not ascertainable. Id. at 1554-55. In this case, the district court awarded statutory damages on an elective basis. This was an act clearly within the court's discretion.
 
 C.
 
 11
 Sutton and Stidham next argue that the award of statutory damages was excessive because: (1) the actual damages were much less, (2) it is unclear whether Shapkin has standing to pursue a copyright claim, and (3) Sutton and Shapkin were only innocent infringers. "[T]he court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." Columbia Pictures Television v. Krypton Broad., 106 F.3d 284, 296 (9th Cir.) (quoting Harris, 734 F.2d at. 1335, petition for cert. filed, 65 U.S.L.W. 3756 (U.S. May 6, 1997) (No. 96-1768). "Within these limits the court's discretion and sense of justice are controlling." Id. (quoting Peer Int.'l, 909 F.2d at 1336). Furthermore, "[t]he trial court is in a better position than are we to determine appropriate damages." Harris, 734 F.2d at 1335.
 
 
 12
 The district court's award of damages was within its broad discretion. First, the district court has the power to discourage infringement by imposing a statutory award even where actual damages are negligible. See Peer Int.'l, 909 F.2d at 1337. The court's award against Sutton and Stidham was within the range permitted by statute and was supported by their conduct. Second, Shapkin clearly had standing to bring a copyright infringement suit even though it owned only the copyright for "editorial revisions." Sutton and Stidham sold copies of the film that incorporated the editorial revisions that were the subject of the copyright. Third, it was not an abuse of discretion for the district court to find that the negligence of Sutton and Stidham supported the amount of the award. The district court could, within its discretion, find that the pair were negligent in relying on a prior grant of licensing rights that was facially incomplete because it did not have a page that was signed. We conclude that the statutory damages were awarded within the district court's discretion.
 
 IV.
 
 13
 The "palming off" claim under California law was not preempted. Shapkin's complaint alleged that Sutton and Stidham engaged in "palming off" by marketing Shapkin's film as their own and the district court made a finding to that effect in its Memorandum of Decision. We have previously held that such a claim is not preempted by federal law, even though we described the cause of action as "reverse palming off." See Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., 7 F.3d 1434, 1441 (9th Cir.1993).
 
 
 14
 Finally, Sutton and Stidham mistakenly argue that the district court's computation of damages on the unfair competition claim was clearly erroneous. The defendants, including Sutton and Stidham, did not adequately account for sales of the film despite requests that they do so. The district court's calculation of the amount of videos sold was based on sufficient evidence, as was the average price assigned to each sale. In the absence of adequate records from Sutton and Stidham, the court may provide reasonable approximations of damages. We hold that the district court did not clearly err in so computing the damages.
 
 V.
 
 15
 Shapkin argues on cross-appeal that the district court erred in failing to make a damages award based on willful infringement. The district court did not commit clear error by finding that Sutton and Stidham did not act willfully. First, the evidence clearly shows that Sutton and Stidham made an effort to ensure that Crawford/Indy had the rights to sublicense "Deadly Fury." Even though their determination was inaccurate, it does not necessarily constitute knowing or reckless copyright infringement. Second, considering the fact that Sutton and Stidham did not deal directly with Shapkin, the failure to place Shapkin's copyright notice on the new cover does not constitute knowing infringement. Third, Sutton and Stidham's sale of thirteen copies of the film after receiving a cease and desist letter was minimal and purely inadvertent. All of these factors, coupled with the fact that Sutton and Stidham notified Shapkin of the possibility of ongoing infringement, support our holding that the district court did not commit clear error.
 
 VI.
 
 16
 Finally, Shapkin contends mistakenly that the district court abused its discretion by failing to award punitive damages. First, it was not proven by clear and convincing evidence that Sutton and Shapkin acted maliciously or fraudulently in palming off Shapkin's film. See Cal. Civ.Code § 3294. The agreement between Legacy/Kavanaugh and Crawford/Indy permitted the licensee to change the title of the film and the title had already been changed by the time of Sutton and Stidham's sublicense. Their decision to create a new box did not require an award of punitive damages. See Kelley Blue Book v. Car-Smarts, Inc., 802 F.Supp. 278, 289 (C.D.Cal.1992). Second, as noted above in section V, Sutton and Stidham's post-warning sales of the film were inadvertent and minimal. We hold therefore that the district court's refusal to grant punitive damages was not an abuse of discretion.
 
 
 17
 For the reasons stated above, we AFFIRM the district court.
 
 
 
 **
 Hon. B. Lynn Winmill, United States District Judge for the District of Idaho, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The claim by Sutton and Stidham that the court's suggestion to "continue the matter until tomorrow, if you want" did not constitute an offer is implausible
 
 
 [2]
 Sutton and Stidham's reliance on Fong v. United States, 300 F.2d 400 (9th Cir.1962) is misplaced. In Fong, the plaintiff only requested liquidated damages prior to the default, not actual damages to be determined. Id. at 412