**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

AIRDOCTOR, LLC, a Delaware
Limited Liability Company,

        *Plaintiff - Appellant*,

  v.

XIAMEN QICHUANG TRADE
CO., LTD.,

        *Defendant - Appellee*.

No. 24-215

D.C. No.
2:22-cv-05784-
GW-AS

OPINION

Appeal from the United States District Court
for the Central District of California
George H. Wu, Senior District Judge, Presiding

Argued and Submitted November 22, 2024
San Jose, California

Filed April 11, 2025

Before: Marsha S. Berzon and Michelle T. Friedland,
Circuit Judges, and Matthew F. Kennelly, District Judge.[*]

---

[*] The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

Per Curiam Opinion;
Concurrence by Judge Berzon

## SUMMARY[**]

### Default Judgment

Reversing and remanding for further proceedings in an action under the Lanham Act, the panel held that the district court erred in entering default judgment under Fed. R. Civ. P. 54(c) but denying the plaintiff's request for damages.

Rule 54(c) provides that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." The district court denied the plaintiff's request for damages because the complaint did not identify an amount of damages sought.

Guided by *Henry v. Sneiders*, 490 F.2d 315 (9th Cir. 1974) (holding that a default judgment of $235,338.89 was permissible under Rule 54(c) where the complaint had alleged that the plaintiff had suffered $71,243.68 in direct losses, "together with additional amounts not yet fully determined"), and agreeing with the Seventh Circuit, the panel held that Rule 54(c) does not prohibit awarding actual damages in a default judgment to a party that sought in its pleadings actual damages in an amount to be determined at trial.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Concurring, Judge Berzon, joined by Judge Kennelly, wrote that *Henry* was not only dispositive but also correctly decided because neither the language of Rule 54(c) nor practical considerations regarding the ability of defaulting defendants to oppose a default judgment for damages support preclusion of a default damages award where the complaint did not plead a numerical damages amount.

## COUNSEL

Ashly E. Sands (argued), Epstein Drangel LLP, New York, New York; Peter J. Farnese, Farnese PC, Los Angeles, California; for Plaintiff-Appellant.

## OPINION

PER CURIAM:

In rendering a final judgment, a district court typically "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c).  But when a final judgment is entered because a party to the litigation defaults, the district court's ability to grant relief is more limited.  Federal Rule of Civil Procedure 54(c) provides that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

In this case, Plaintiff filed a Complaint seeking, among other forms of relief, actual damages in an amount to be determined at trial.  No trial took place, though, because

Defendant failed to appear in the litigation.  Plaintiff moved for default judgment, seeking injunctive relief and more than $2 million in actual damages. The district court entered default judgment in Plaintiff's favor but denied Plaintiff's request for damages.  The court reasoned that, under Rule 54(c), any award of damages would "exceed . . . what is demanded in the pleadings" because the Complaint had not identified an amount of damages sought.

We now hold that Rule 54(c) does not prohibit awarding actual damages in a default judgment to a party that sought in its pleadings actual damages in an amount to be determined at trial.  We accordingly reverse and remand for further proceedings.

**I.**

Plaintiff AirDoctor, LLC, sells air purifiers and replacement air filters.  Defendant Xiamen Qichuang Trade Co., Ltd., also sells replacement air filters, primarily via Amazon.com.   Plaintiff alleged that Defendant falsely advertised that its air filters were compatible with Plaintiff's air purifiers and offered equivalent filtration, thereby diverting sales from Plaintiff's more effective air filters and harming Plaintiff's reputation.  Plaintiff filed a Complaint alleging violations of the Lanham Act, California's Unfair Competition Law, and California's False Advertising Law. Plaintiff sought in the Complaint, among other forms of relief, "actual, compensatory, consequential, statutory, special, and/or punitive damages in an amount to be proven at trial," attorney's fees and costs, and an injunction to restrain Defendant from further false-advertising violations.

Plaintiff served the Complaint, but Defendant failed to appear or otherwise file a responsive pleading.  Plaintiff then moved for default judgment and requested entry of a

permanent injunction, actual damages of approximately $2.5 million under 15 U.S.C. § 1117(a) of the Lanham Act, and attorney's fees of approximately $50,000.  Because Plaintiff lacked discovery from Defendant, Plaintiff calculated the proposed actual-damages amount using a third-party research tool to approximate the quantity of sales that Defendant made through Amazon.com.  Plaintiff calculated the attorney's fees using a formula based on the amount of proposed damages, as instructed by the district court's local rules.

The district court granted Plaintiff's motion for default judgment and enjoined Defendant from advertising that its air filters offered equivalent filtration to Plaintiff's air filters.  But the district court denied Plaintiff's request for actual damages, reasoning that awarding Plaintiff any damages would "exceed in amount[] what is demanded in the pleadings" in violation of Rule 54(c) because the Complaint had not quantified the damages sought.  Fed. R. Civ. P. 54(c).  The district court also denied attorney's fees, reasoning that under the formula in its local rules, if no damages are awarded, no fees should be awarded either.

Plaintiff timely appealed the order denying damages and attorney's fees.  Defendant has not appeared on appeal.

## II.

### A.

We review de novo a district court's interpretation of the Federal Rules of Civil Procedure.  *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 713 (9th Cir. 2020).

**B.**

Rule 54(c) states that, unlike other final judgments, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."[1]  Our court has interpreted Rule 54(c) to prohibit awarding a party a category of damages that the party had not identified in its pleadings.  For example, in *Fong v. United States*, 300 F.2d 400 (9th Cir. 1962), we affirmed the district court's denial of actual damages in a default judgment because the plaintiff had sought only liquidated damages in the complaint.  *Id.* at 412–14; *see also In re Ferrell*, 539 F.3d 1186, 1192–93 (9th Cir. 2008) (holding that a plaintiff may not recover costs and fees in a default judgment under a statute different from that identified in the complaint).

Here, however, Plaintiff's request for actual damages in its motion for default judgment is consistent with its request for actual damages in the Complaint.  A default judgment's award of such damages would not, then, "differ in *kind* from . . . what is demanded in the pleadings."  Fed. R. Civ. P. 54(c) (emphasis added).  Still, we must consider whether awarding Plaintiff any damages would "exceed in *amount*[]

---

[1] The default judgment provision in Rule 54(c) was amended in 2007 to the language before us today.  Fed. R. Civ. P. 54(c), 550 U.S. 1003, 1115 (2007), https://perma.cc/MN8D-DX2Z.  Prior to 2007, Rule 54(c) stated in near-identical language that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."  Fed. R. Civ. P. 54(c), 308 U.S. 647, 732 (1939) (amended 2007), https://perma.cc/6HU2-RCFP.  Because the 2007 amendments made only stylistic changes to Rule 54(c), we follow precedent considering the former version of Rule 54(c) as if it considered the current version.  *See* Fed. R. Civ. P. 54(c) advisory committee's note to 2007 amendment ("The language of Rule 54 has been amended as part of the general restyling of the Civil Rules . . . .  Th[o]se changes are intended to be stylistic only.").

what is demanded in the pleadings" in violation of Rule 54(c) because the Complaint did not request a specific amount of damages.

In answering that question, we are guided by our opinion in *Henry v. Sneiders*, 490 F.2d 315 (9th Cir. 1974). In that case, the complaint alleged that the plaintiff had suffered $71,243.68 in direct losses, "together with additional amounts not yet fully determined," such as for "legal expenses and attorneys' fees, embarrassment, anxiety, and loss of health." *Id.* at 317 n.2. After the defendant failed to obey discovery orders, the district court awarded the plaintiff $235,338.89 in a default judgment. *Id.* at 316, 317. The defendant then appealed, arguing that Rule 54(c) prohibited the district court from awarding damages in a default judgment exceeding the amount pleaded in the complaint. *Id.* We rejected the defendant's argument. We held that "the default judgment did not exceed the amount prayed for" because the amount prayed for "was not limited to $71,243.68." *Id.* at 317. Rather, the plaintiff prayed for $71,243.68 in direct losses, and for "additional damages for breach of contract, the amount of which was to be proved at trial." *Id.*

*Henry* instructs that Rule 54(c) presents no bar to awarding actual damages in a default judgment where the complaint sought those damages in an amount to be proven at trial. Specifically, in *Henry*, we allowed the complaint's request for "additional damages for breach of contract, the amount of which was to be proved at trial" to support an award of $164,095.21 in breach of contract damages—*i.e.*, the amount by which the total $235,338.89 default judgment exceeded the $71,243.68 of damages for direct losses pleaded in the complaint. Because the Complaint here similarly sought actual damages in an amount to be proven

at trial, under *Henry*, Rule 54(c) does not prevent Plaintiff from obtaining actual damages in the default judgment.[2]

To the extent that we could distinguish *Henry* on the ground that the Complaint here, unlike the one in *Henry*, did not quantify any amount of damages whatsoever, we decline to draw such a distinction. "[A]bsent a strong reason to do so, we will not create a direct conflict with other circuits." *United States v. Cuevas-Lopez*, 934 F.3d 1056, 1067 (9th Cir. 2019) (alteration in original) (quoting *United States v. Chavez-Vernaza*, 844 F.2d 1368, 1374 (9th Cir. 1987)). The Seventh Circuit has held that Rule 54(c) does not bar a district court from awarding damages in a default judgment where a party's pleadings did not quantify the amount of damages sought. *See Appleton Elec. Co. v. Graves Truck Line, Inc.*, 635 F.2d 603, 610–12 (7th Cir. 1980) (noting that the plaintiff's complaint requested damages in an "unstated amount[,]" so it contained no "damage ceilings"). There is no "strong reason" to depart from the rule that follows from *Henry* and thereby to conflict with the Seventh Circuit. *Cuevas-Lopez*, 934 F.3d at 1067 (quoting *Chavez-Vernaza*, 844 F.2d at 1374). We accordingly decline to distinguish *Henry*.

---

[2] In a tentative ruling on Plaintiff's motion for default judgment, the district court expressed concern about the accuracy of Plaintiff's proposed actual damages figure. The final judgment, however, denied the award of damages and attorney's fees solely under Rule 54(c), and Plaintiff does not argue the accuracy of its proposed damages calculation on appeal. Our holding is therefore limited to the interpretation of Rule 54(c), and we have no occasion to consider whether Plaintiff has satisfied its burden to prove up the requested damages amount. We likewise have no occasion to consider the amount, if any, of attorney's fees that might eventually be awarded on remand.

## III.

For the foregoing reasons, we reverse the denial of the award of damages and remand for further proceedings consistent with this opinion.

---

BERZON, Circuit Judge, with whom KENNELLY, District Judge, joins, concurring:

I fully join the per curiam opinion. I write separately to explain why *Henry v. Sneiders*, 490 F.2d 315 (9th Cir. 1974), is not only dispositive of the issue before us but was correctly decided.

The district court's premise in denying damages in this case was that the language of Rule 54(c) requires barring damages after a default where the complaint did not plead a numerical damages amount. That premise is incorrect, for several reasons.

First, the Rule requires that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Omitting a numerical damages demand but requesting an amount to be determined by the trier of fact is not equivalent to demanding zero dollars, or any other amount, in damages. A request for a damages award based on evidence submitted to and reviewed by the trial judge cannot "exceed in amount[] what is demanded in the pleadings," as no specific amount is demanded. *Id.*

Second, absent from Rule 54(c)—or any other provision in the Federal Rules of Civil Procedure—is a requirement that a plaintiff plead a specific amount of damages. Pleading for an unspecified, appropriate amount, as found by a judge

or jury, is exceedingly common, as evidenced by the fact that Rule 26 requires disclosure of a damage estimate in the initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii). This damage computation is due within 14 days of the parties' Rule 26(f) conference, not earlier. Given this provision, no inference of any particular "amount . . . demanded"—zero or anything else—can be drawn from the absence of a specific amount in the complaint; a default judgment cannot "exceed in amount[] what is demanded in the pleadings" when the pleadings do not demand any specific amount but, appropriately, leave that calculation for later. Fed. R. Civ. P. 54(c). Rather, Rule 54(c) requires only that *if* a plaintiff *does* plead a specific damage estimate, the award on default judgment may not exceed that amount.

Third, as the per curiam opinion recognizes, *Henry v. Sneiders* compels this interpretation. 490 F.2d 315 (9th Cir. 1974). In *Henry*, the plaintiff pleaded a "direct loss" of $71,243.68 as well as "additional amounts not yet fully determined" for, among other things, "appraisal examination costs" and the "loss of the value of the [product] as represented." *Id.* at 317 n.2. We affirmed the district court's award of $235,338.89 on default judgment, explaining that "[t]he prayer was not limited to $71,243.68" because the plaintiff had "prayed for additional damages . . . , the amount of which was to be proved at trial." *Id.* at 317. Accordingly, "the default judgment did not exceed the amount prayed for." *Id.*

The result in *Henry* could not have been reached if Rule 54(c) required pleading a specific amount for each type of damages requested. That interpretation of the Rule would have precluded any recovery for the non-enumerated damages, limiting the plaintiff's recovery to $71,243.68. The application of Rule 54(c) in the present case is in fact more

straightforward than in *Henry*. As *no* specific amount of damages was pleaded, there is no argument that Plaintiff should be limited to a specific amount identified in its pleadings. There is no logically coherent reading of Rule 54(c) that would permit the damages amount awarded in *Henry* other than the one I posit—that the Rule limits damages in a default judgment only where a specific total damages amount is pleaded.

Fourth, *Fong v. United States*, 300 F.2d 400 (9th Cir. 1962), is also consistent with our interpretation of Rule 54(c). There we held that a plaintiff could not recover actual damages in a default judgment because it had pleaded only liquidated damages related to the count on which it recovered. *Id.* at 414. The award of actual damages in that situation would violate Rule 54(c)'s prohibition on awarding damages "different in kind" from those pleaded. *Id.* (quoting Fed. R. Civ. P. 54(c)). But *Fong* said nothing about precluding damages where no specific kind of damages was pleaded, or about precluding damages of the *same* kind as those pleaded because the pleading left the determination of the amount of damages for trial.

Fifth, notice-related concerns are not sufficient, even assuming they could be, to overcome all of these considerations and justify reading a pleading requirement as to the amount of damages into the Rules. Once defendants have been served with process, they are on notice that default judgment could be entered against them if they fail to appear. "No known authority supports [the] proposition that defendants have a 'right' to default and to know the exact measure of liability that will flow from a prospective default." *Appleton Elec. Co. v. Graves Truck Line, Inc.*, 635 F.2d 603, 611 (7th Cir. 1980). That is especially true where, as is the case here, the information about the amount of

damages the plaintiff is entitled to is uniquely within the defendant's control.

Further, it is far from clear that requiring a plaintiff to amend their complaint to include an estimate of their damages—as opposed to allowing them to submit a motion for default judgment seeking a particular amount of damages—would provide the defendant with additional notice. Rule 5(a)(2) states that "[n]o service is required on a party who is in default for failing to appear," the only exception being that "a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2). In cases like this one, a plaintiff's amended pleading would add only a damages estimate, not a new claim; a plaintiff adding only a damages amount in an amended complaint would not be required to serve the defendant with the amended complaint. There is therefore no notice-related justification for requiring a plaintiff to include a specific damage estimate in an amended complaint.

\*     \*     \*

Given all this, where the defendant defaults, the appropriate procedure is for the plaintiff to move for judgment in a particular amount and provide an evidentiary basis for the amount asserted. The court then must determine the appropriate award based on this evidence. Notably, a "[p]laintiff's burden in 'proving up' damages is relatively lenient" in the default judgment context. *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). As one district court noted, "courts have accepted less precise estimates of damages where a defendant frustrates the discovery of a precise amount by

defaulting in the action." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1084 (C.D. Cal. 2012).

In sum, neither the language of Rule 54(c) nor the practical considerations regarding the ability of defaulting defendants to oppose a default judgment for damages support preclusion of a default damages award here. *Henry* is not only binding on us as to the propriety of the default damages award but was correctly decided in that regard.