**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>       Third-pty-plaintiff - Appellee,<br><br>and<br><br>FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC.,<br><br>       Third-pty-plaintiff,<br><br>  v.<br><br>DRITA PASHA KESSLER,<br><br>       Third-pty-defendant - Appellant,<br><br>and<br><br>DK ART PUBLISHING, INC., a California corporation,<br><br>       Third-pty-defendant. | No. 23-3410<br><br>D.C. No.<br>2:18-cv-00722-AB-JPR<br><br>MEMORANDUM[*] |

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California

André Birotte, Jr., District Judge, Presiding

| | |
|---|---|
| IN RE: DRITA PASHA KESSLER, DEBTOR<br><br>———————————————<br><br>DRITA PASHA KESSLER,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; DAVID SEROR, Chapter 7 Trustee,<br><br>Defendants - Appellees. | No. 25-1846<br><br>D.C. No.<br>2:24-cv-02383-JLS |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted February 3, 2026
Pasadena, California

Before: GRABER, CLIFTON, and JOHNSTONE, Circuit Judges.

Plaintiff Drita Kessler appeals two orders by the district court in this set of consolidated appeals: (1) the district court's order denying her motion to vacate a default judgment and amended default judgment in favor of Travelers Property Casualty Company of America ("Travelers") (Case No. 23-3410); and (2) the

district court's affirmance of a decision by the bankruptcy court which approved a settlement reached between Travelers and the Trustee of Plaintiff's bankruptcy estate (Case No. 25-1846). The two appeals have been consolidated because the settlement, at issue in Case No. 25-1846, includes a provision under which the Trustee and Travelers agree to dismiss the appeal being brought in Case No. 23-3410.

We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291. We affirm Case No. 25-1846. We dismiss Case No. 23-3410 and grant the motion to voluntarily dismiss, No. 23-3410, Dkt. No. 35, filed in this appeal pursuant to the settlement agreement and previously denied without prejudice by this court, No. 23-3410, Dkt. No. 53, which Appellees renewed in their briefing.

**I.     The bankruptcy court did not abuse its discretion in approving the bankruptcy settlement between Travelers and the Trustee.**

We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *In re A & C Props.*, 784 F.2d 1377, 1380 (9th Cir. 1986). The bankruptcy court's order approving a trustee's application for a compromise or settlement is reviewed for abuse of discretion. *Id.*

Kessler contends that the Trustee lacked authority to settle because a defensive appeal contesting the validity of a judgment claimed against the bankruptcy estate is not property of the estate; it cannot result in a financial benefit to the debtor. The district court held that a debtor's defensive appellate rights are

property. Moreover, it is a financial benefit to the debtor to defeat liability, and costs may be recoverable. But whether a defensive appeal is characterized as property or as a liability a trustee can settle, the bankruptcy court had the power to approve the settlement. *See* Fed. R. Bankr. P. 9019(a); 11 U.S.C. § 105(a).

To determine whether the bankruptcy court abused its discretion in approving a settlement, (1) we review *de novo* whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we "consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *In re Open Med. Inst., Inc.*, 639 B.R. 169, 180 (B.A.P. 9th Cir. 2022) (citation omitted), *aff'd sub nom. In re Kogelnik*, No. 22-60018, 2023 WL 7122577 (9th Cir. Oct. 30, 2023).

In determining the fairness, reasonableness, and adequacy of a proposed settlement agreement, the court must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re A & C Props.*, 784 F.2d at 1381 (citation omitted).

The bankruptcy court correctly identified the *In re A & C* factors as the relevant legal standard. *See In re Berkeley Del. Ct., LLC*, 834 F.3d 1036, 1039 (9th

Cir. 2016) (citing *In re A & C* as authority for interpreting whether a settlement is fair and equitable under Federal Rule of Bankruptcy Procedure 9019(a)). The bankruptcy court applied that standard in a manner that is supported by the record and is not illogical or implausible. An abundance of record evidence supports the bankruptcy court's determination that Kessler's low likelihood of success in the appeal of the default judgments, the extreme complexity of the litigation, and the preservation of the creditors' interests all weighed in favor of settlement. Indeed, the bankruptcy court devoted twelve single-spaced pages to its recitation of the facts and procedural history concerning the several actions implicated in these appeals, and provided three single-spaced pages of detailed analysis, supported by references to the record. The record shows that the settlement benefited other creditors by converting Travelers' secured claim to unsecured, reduced Travelers' claim by approximately $900,000, and prevented a significant delay in resolving the bankruptcy case by terminating years-long litigation of the underlying default judgments. In the absence of specific arguments from Kessler demonstrating error, we decline to interfere with the bankruptcy court's discretion in considering the *In re A & C* factors, and we affirm the bankruptcy court's order.

**II.    The district court did not err in denying Kessler's motion to vacate the default judgments.**

We acknowledge that we are in the unusual position of reviewing the bankruptcy court's determination of Kessler's likelihood of success on appeal

under the first *In re A & C* factor, while *also* serving as the adjudicator of that very appeal being brought by Kessler in Case No. 23-3410. In affirming the settlement and dismissing the 23-3410 appeal, we ordinarily would not consider the merits of the dismissed appeal. However, given the posture of the consolidated appeals, we peer around the corner into the merits of the 23-3410 appeal and confirm for ourselves that the bankruptcy court correctly determined that Kessler is unlikely to prevail in challenging Travelers' judgment against her.

We agree with the bankruptcy court's assessment of the record and its determination that a low likelihood of success on appeal weighs heavily in favor of settlement. We also observe that Kessler has never denied, either in the lower court proceedings or in her briefing on appeal, that she (1) validly entered into the indemnity agreement and (2) did not pay her former attorney the amount ordered by a California Superior Court judgment that was subsequently upheld by this court. Therefore, even if she were to succeed in vacating the default judgments, she has not shown a likelihood of success in defeating Travelers' indemnity claim. Absent a showing of prejudice, we see no reason to disturb the district court's decision.

A. <u>Moreover, the amended default judgment against Kessler is not void for want of personal jurisdiction.</u>

We review *de novo* the denial of a motion to set aside a default judgment as void. *Newtok Vill. v. Patrick*, 21 F.4th 608, 615 (9th Cir. 2021). "Because the

scope of what constitutes a 'void' judgment is 'narrowly circumscribed,' a judgment is void 'only where the assertion of jurisdiction is truly unsupported'— and a 'void judgment must lack even a colorable basis.'" *FTC v. Hewitt*, 68 F.4th 461, 466 (9th Cir. 2023) (quoting *Hoffmann v. Pulido*, 928 F.3d 1147, 1151 (9th Cir. 2019)).

"Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (citation omitted).

Kessler argues that Travelers did not properly serve her with its third party complaint. We disagree. Travelers served Kessler pursuant to California Code of Civil Procedure § 415.20(b), which provides that if personal service "cannot with reasonable diligence" be made, the summons may be served at the person's "usual mailing address other than a United States Postal Service post office box." *See* Fed. R. Civ. P. 4(e)(1). Travelers served Kessler at a commercial mail receiving agency after making several attempts to serve her personally. Travelers' service complied with § 415.20(b). *See Ellard v. Conway*, 114 Cal. Rptr. 2d 399, 401–03 (Ct. App. 2001) (holding that service may be made at a commercial post office box pursuant to § 415.20(b)).

Kessler also contends that the amended default judgment, which increased Travelers' damages against Kessler by more than $3.5 million, could not be accomplished by a motion and, instead, required Travelers to file an amended complaint to be served pursuant to Rule 4 of the Federal Rules of Civil Procedure. But Kessler has provided no controlling legal authority to support the contentions that a complaint must seek a sum certain in damages and that a plaintiff is required to file and serve an amended complaint seeking to increase damages. Where, as here, a default judgment contemplates that the amount of damages may increase in the future, a plaintiff may seek an increase in damages by way of a motion to amend a default judgment under Rule 60(a), which "allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1298 (9th Cir. 2014) (quoting *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012)); *see also AirDoctor, LLC v. Xiamen Qichuang Trade Co.*, 134 F.4th 552, 555 (9th Cir. 2025) (interpreting Fed. R. Civ. P. 54(c) to permit awarding damages in a default judgment where the complaint did not request a particular amount of damages). Here, the original judgment in favor of Travelers reflects that the court intended to amend the judgment to reflect the amount of any damages incurred by Travelers as the litigation progressed. Our court's precedent

does not require Travelers to file an amended complaint to collect further damages; a motion to amend the default judgment under Rule 60(a) sufficed.

Given that the amendment to the default judgment could be accomplished by motion, the record reflects that Travelers properly served its motion pursuant to Rule 5 of the Federal Rules of Civil Procedure. Travelers attempted to serve Kessler fourteen times at four different locations between October 21, 2021, and November 15, 2021, before eventually serving her by email. The district court acknowledged these attempts and concluded that Travelers properly served Kessler with the motion. We are not persuaded to the contrary.

**AFFIRMED (No. 25-1846) and DISMISSED (No. 23-3410).**[1]

---

[1] The motion for miscellaneous relief, No. 23-3410, Dkt. No. 11, and the motion to supplement the record, No. 23-3410, Dkt. No.16, are granted.